### JANE R. MURRAY *vs.* AMAZIAH MAYO.

Hampden.    September 27, 1892. — October 20, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract — Ratification — Breach.*

An agreement in writing for the sale of a house and land to A. for a certain sum, a portion of which was to be paid in four equal instalments quarterly, and the balance to remain on mortgage, was signed by B. by his agent. B. was informed of the contract soon afterwards, and received, without objection, the payment of the first instalment, which was made to his agent at the time of the sale. Four

months later, B. received the second instalment, and gave his receipt acknowledging that it was in part payment for the property; and on many other occasions he recognized the contract. In an action by A. against B. for breach of the contract, the judge instructed the jury that if they found, upon the evidence, that after the making of the contract by the agent it was brought to the knowledge of B., and he accepted and adopted the act of his agent, and made it his own, it was as if B. had himself signed the agreement on the day of its date, and delivered it to A.; and that the jury might proceed as if on that day the minds of the parties met, and the agreement was made which was incorporated into the written instrument and delivered by B. to A. *Held*, that the question of ratification was rightly submitted to the jury, under the instructions given.

A contract for the sale of a house and land was dated " Springfield, Mass.," and the property was described as the "house and lot 343 Worthington Street." That house was well known, and the lot " was well defined by monuments consisting of fences." *Held*, in an action thereon, that the description was sufficient.

An agreement in writing for the sale of a house and land to A. for a certain sum, a portion of which was to be paid in four equal instalments quarterly, and the balance to remain on mortgage, was executed by B. At the trial of an action by A. against B. for breach of the contract, it appeared that A. paid the first instalment of the purchase money at the time of the sale, and the second instalment four months later, an extension of time having been granted by B. The plaintiff testified that she repeatedly offered to pay the defendant the third instalment, and " offered to pay him any time that he would accept it," but he declined unless she would pay the interest and taxes. The defendant testified that he frequently demanded payment of the plaintiff, and that he always insisted upon her paying interest and taxes, in addition to the instalments mentioned in the contract. There was also evidence that the plaintiff was forcibly ejected from the premises before the expiration of the year. The judge refused to rule, as requested by the defendant, that there was "no evidence in the case to justify a finding that the fourth instalment . . . was either paid or tendered to defendant, and that as to this instalment she was in default, so that her action cannot be maintained." *Held*, that the defendant had no ground of exception.

CONTRACT, for breach of the following agreement: "$250. Springfield, Mass., May 7, 1888. Received of Mrs. J. R. Murray $250 on account of purchase of house and lot 343 Worthington Street, at $6,000. She is to have deed of the property when $1,000 is paid; $5,000 to remain on mortgage, at five per cent interest; $250 to be paid every three months until $1,000 is paid. Amaziah Mayo, by A. N. Mayo."

At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*A. M. Copeland*, for the defendant.

*A. Webster*, for the plaintiff.

KNOWLTON, J. 1. There was evidence that the defendant ratified the making of the contract of sale in his name. It

appeared, among other things, that he was informed of it soon afterwards, and received, without objection, the payment of two hundred and fifty dollars, which was made to his agent on account of the property at the time of the sale. Again, on September 6, 1888, he received a second instalment of two hundred and fifty dollars of the purchase money, and gave his receipt acknowledging that it was in part payment for this house. On many other occasions he recognized the contract, and the judge was right in submitting to the jury the question of ratification, under the instructions given.*

2. The contract was dated " Springfield, Mass.," and the real estate was described as the " house and lot 343 Worthington Street." It appeared that the house 343 Worthington Street, Springfield, was well known, and that the lot " was well defined by monuments consisting of fences." Any description in a deed or contract of sale of real estate from which the property can be exactly located is sufficient, although parol evidence is necessary to apply the description to the land and fix the boundaries. This description was sufficient. *Hurley* v. *Brown,* 98 Mass. 545. *Mead* v. *Parker,* 115 Mass. 413.

3. The only remaining exception is to the refusal of the presiding judge to rule that there was " no evidence in the case to justify a finding that the fourth instalment, falling due February 7, 1889, was either paid or tendered to defendant, and that as to this instalment she was in default, so that her action cannot be maintained." It was not necessary for the plaintiff to prove that the fourth instalment was either paid or tendered to the defendant, if he had, in breach of his contract, refused to receive the third instalment, and if she showed him her willingness to perform the contract, and he declined to accept her performance of it, and declined to perform his part of it. *Linton* v. *Allen,* 154 Mass. 432. The defendant testified that he fre-

---

* " If you find, upon the evidence, that after the making of the contract by the agent it was brought to the knowledge of the defendant, and he accepted the act of his agent, and adopted that act and made it his own, then it is as though the defendant, on the 7th day of May, 1888, had himself signed the memorandum or agreement, and delivered it to the plaintiff. And you may proceed as though on that day the minds of the parties met, and the agreement was made which was incorporated in this instrument and delivered by the defendant to the plaintiff."

quently demanded payment of the plaintiff, and that he always insisted upon her paying interest and taxes, in addition to the instalments mentioned in the contract.   The plaintiff testified that she repeatedly offered to pay him the third instalment, and " offered to pay him any time that he would accept it," but he declined unless she would pay the interest and taxes.   Although the plaintiff, as she says, understood that each of the instalments was to become due three months later than a true construction of the contract shows, she appears to have yielded to the defendant in this particular, and, on his giving her a few days time, she paid the second instalment soon after it became due, and on his giving her a short extension upon the third instalment she was prepared to pay that.   The jury were well warranted in finding on the evidence that the defendant refused to receive the third instalment solely because she refused to pay the interest and taxes, and that she indicated her willingness to perform her contract if the defendant would accept performance of it; and that he refused.   The bill of exceptions does not purport to give all the evidence on this part of the case, but there was testimony that the plaintiff was forcibly ejected from the premises before the expiration of the year.   The ruling requested was that the action could not be maintained, because the plaintiff was in default in regard to the payment of the fourth instalment. The bill of exceptions does not show that the plaintiff was in default in failing to pay or formally to tender that instalment.

The plaintiff might prove a breach of contract on the part of the defendant without showing that he conveyed the property to anybody else, or that she had formally demanded a conveyance to herself.   In the absence of a full report of the evidence touching the defendant's alleged breach of contract, it is to be presumed that the case was properly submitted to the jury, and that their verdict was warranted.   At all events, it does not appear that the judge should have given the instruction requested.

*Exceptions overruled.*