[No. 9971.  Department Two.  May 2, 1912.]

ANSON ROBINSON *et al.*, *Respondents*, v. WALTER C. TAYLOR, *Appellant*.[1]

DEEDS—DESCRIPTION—"NORTH HALF"—EVIDENCE—PAROL — ADMISSIBILITY. A deed of the "north half" of an irregular tract of land (a rectangle less a considerable triangle cut off the northeast corner) conveys an equal half of the area of the tract, and is unambiguous; hence it is inadmissible to explain, by testimony of transactions and conversations prior to the execution of the deed, the intent of the parties to convey that part of the tract lying north of a line midway between its north and south lines.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered April 29, 1911, upon findings in favor of the plaintiffs, in an action of ejectment and to quiet title, after a trial to the court. Affirmed.

[1]Reported in 123 Pac. 444.

*Hastings & Stedman* (*Edward L. Turner*, of counsel), for appellant.

*Weter & Roberts*, for respondents.

ELLIS, J.—On September 18, 1903, the defendant, Walter C. Taylor, and his wife, being then the owners of tract No. 2, of Kelsey's Brighton Beach Acre Tracts, located in King county, Washington, and at present within the city limits of Seattle, conveyed a part thereof to the plaintiffs by the following description: "The North half of Tract Two (2) of Kelsey's Brighton Beach Acre Tracts." The defendant's wife is now dead, and he has succeeded to whatever interest she had in the premises in controversy. Tract 2 is of irregular shape, bounded on the greater part of the east side by a diagonal line running in a northwesterly direction bordering Rainier avenue, the remainder of the east line running north and south. It is bounded on the north by Graham avenue running east and west, on the south by an alley also running east and west, and on the west by Forty-sixth avenue running north and south. In shape it is a rectangle, with a considerable triangle cut off of the northeast corner, making the north line less than half as long as the south line. The west boundary is an unbroken line. The east boundary is a broken line with a considerable angle. The plaintiffs, respondents here, claim that the deed to them conveyed one-half in area of this tract. The defendant claims all of the land south of a line drawn parallel with the south boundary of tract 2 from a point bisecting the west boundary line. The defendant was in possession of all of the south part of tract 2 up to a line so drawn. The land in dispute, and for the possession of which the plaintiffs sued, is the strip, a little over 33½ feet wide, lying between that line and a line dividing tract 2 into north and south halves according to area. The case was tried to the court without a jury. A judgment was rendered awarding the possession of the land in dispute to the plaintiffs, quieting

their title thereto and for costs. The defendant has appealed.

The refusal of the court to allow the appellant to introduce testimony as to transactions and conversations had between the parties prior to the execution of the deed for the purpose of showing what the intention of the parties was at the time the deed was executed is assigned as error.

Was this testimony properly excluded? As stated by the appellant, "This is the sole and only question presented by this appeal." This question must be answered in the affirmative. There is no ambiguity in the description. In themselves the words used are clear and distinct and such that in ordinary use would have but one meaning. When we come to apply them to the subject-matter, we find nothing to introduce any element of uncertainty. The description calls for the north half of a definite tract of land. Suppose that tract 2 had been a perfect rectangle. It must be conceded that in such a case there would be no ambiguity. We can conceive of no reason why the mere fact that the whole tract is not a rectangle should in any manner change the ordinary meaning of the words "North half." In deeds as in other instruments "words which are not technical must be construed as bearing their ordinary signification." 2 Devlin, Real Estate (3d ed.), § 837, p. 1517; *Bradshaw v. Bradbury*, 64 Mo. 334.

The word "half" in its literal signification is a quantitative term. When applied to a given thing capable of division into two equal parts, it means one of those parts.

"The term half is as definite as the whole; and it could scarcely be contended that, if by mistake, the deed had been of the whole lot, parol proof could be received to prove that but half was intended to be conveyed. If a term is equivocal or technical, parol proof may be resorted to, to define it, as we refer to dictionaries, or books of art or science. There are many terms in engineering, which are not altogether familiar to persons uninstructed, and where they occur in

contracts or evidence, unless the parties agree in their import, proof of their true import must be resorted to. But it would not be competent to prove that a week, meant four days, or a rod, in engineering, ten feet, or that a solid yard of masonry consisted of but twenty solid feet. The proof offered, and which was received, was of this character, although not altogether so obviously so, as the illustrations given above. The deeds of former owners of the land, although of record, in the registry of deeds, not being referred to in this deed, can neither restrict or extend the import of the terms used." *Butler v. Gale*, 27 Vt. 739-743.

The case of *Owen v. Henderson*, 16 Wash. 39, 47 Pac. 215, 58 Am. St. 17, is decisive of the question here involved. In that case it was held that a deed conveying the "west half" of a fractional lot according to government survey, which contained less than a legal subdivision of forty acres, conveyed an equal half of the lot in area, notwithstanding the addition to the description of the words "containing twenty acres more or less." The use of these words presented much stronger ground for the claim there made that parol evidence should be admitted to prove the intention of the parties than anything found in the description here; but this court there held that parol testimony was inadmissible, as there was no ambiguity apparent upon the face of the deed, and adopting the language of *Hartford Iron Min. Co. v. Cambria Min. Co.*, 80 Mich. 491, 45 N. W. 351, said:

"The literal significance of the word 'half' is one of two equal parts into which anything may be divided. . . . It must be held that the true boundary line between these two pieces of land is by a line, drawn north and south, dividing the lands into equal acreage."

This language is equally applicable to the deed here in question.

The appellant cites *Newman v. Buzard*, 24 Wash. 225, 64 Pac. 139, as holding that parol evidence was admissible to prove that the parties intended to include in the description "lot 6," an unnumbered fractional lot adjoining. A reading of that opinion, however, discloses as the true basis of

the decision the fact that there were two plats in use, upon one of which the fractional tract was included in lot 6, while upon the other it was not. The application of the description in the deed to the subject-matter thus developed a latent ambiguity and parol testimony was admitted to prove with reference to which plat the deed was drawn. Nothing of the kind is presented here.

The case of *Prentiss v. Brewer*, 17 Wis. *635, 86 Am. Dec. 730, which is mainly relied upon by the appellant, is also soundly distinguishable. The deed there in question was of the south half of a fractional quarter section containing 166.6 acres, the overrun being in the two north quarter quarters. The court held in effect that the words "half" and "quarter" by constant use in reference to subdivisions by governmental survey had acquired a technical significance in conveyancing. The words "south half" therefore when used with reference to such governmental subdivision, were capable of either one of two definite meanings according to the intention of the parties. If the parties intended to use them in terms of the government survey, they meant the technical south half according to the survey lines, regardless of quantity; but if they intended to use them in their ordinary sense, then they meant the south half in area. The question, therefore, was, Had the parties used the words "south half" as meaning the technical south half of the fractional quarter section, or the actual south half? The overrun in the quarter section developed a latent ambiguity when the description was applied to the subject-matter. Parol evidence was, therefore, admissible to determine in which sense the parties had intended to use the words. No such possible double meaning is presented here. The word "half" has never acquired any such technical significance in reference to other plats than those of the governmental survey. Its ordinary meaning as a quantitative term, in the absence of any qualifying words in the context, was therefore its only possible meaning, and parol evidence of a different intention was properly excluded.

*Fratt v. Woodward*, 32 Cal. 213; *Dart v. Barbour*, 32 Mich. 267; *Benedict v. Gaylord*, 11 Conn. 332, 29 Am. Dec. 299; *Nutting v. Herbert*, 35 N. H. 120. Parol testimony is only admissible to remove an ambiguity, not to create one.

A further review of the many cases cited by the appellant would be a useless task. They are none of them controlling on the issue here.

The judgment is affirmed. ·

DUNBAR, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.