[No. 10879.  Department Two.  October 10, 1913.]

## S. W. THOMPSON et al., Appellants, v. A. E. ENGLISH, Respondent.[1]

FRAUDS, STATUTE OF—PLEADING—NECESSITY.  Where the complaint in an action for a broker's commission does not set out the contract or disclose that it was within the statute of frauds, the defendant may raise the point at the trial without having demurred, or pleaded in his answer that the contract is within the statute and void.

FRAUDS, STATUTE OF—BROKER'S COMMISSIONS—SUFFICIENCY OF WRITING.  A contract for a broker's commission for the sale of "seventy-nine acres" in a specified section, cannot be applied to any definite property without resort to parol testimony and is therefore not sufficient, under the statute of frauds requiring the contract to be in writing.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered May 20, 1912, dismissing an action on contract, after a trial on the merits before a jury and motions for a directed verdict.  Affirmed.

R. C. Sugg, for appellants.

H. L. Parcel, for respondent.

MAIN, J.—This action was brought for the purpose of re-covering a broker's commission for the sale of real estate.

On July 20, 1911, the plaintiffs were copartners engaged in the real estate business, in the city of Vancouver, Washington.  On that date, they and the defendant entered into a written contract, whereby the plaintiffs were authorized to act as the sole agents of the defendant until October 20, 1911,

[1]Reported in 135 Pac. 664.

in the sale of the property described therein, the defendant, in case of sale, agreeing to pay a specified rate of commission. The real property to be sold was described as follows: "Seventy-nine acres in section 30, township 2 N., range 3, E., W. M., Clarke Co., Wn. Owner, A. E. English." Thereafter, and on September 19, 1911, the plaintiffs claim to have secured a purchaser for this property upon the terms mentioned in the written contract.

The defendant having refused to pay the commission agreed upon, the plaintiffs commenced this action against him to recover the same; and on November 17, 1911, filed their complaint in which they alleged, among other things, that they and the defendant had, on July 20, 1911, entered into a written contract wherein the defendant employed the plaintiffs to secure a purchaser for certain land in Clarke county, Washington, together with certain personal property; that the terms of the contract provided that the purchase price was to be $8,500, and defendant agreed to pay plaintiffs a commission of 5 per cent on such sum if they succeeded in securing a purchaser prior to October 20, 1911. The defendant in his answer admitted the execution of a written contract, but denied the other allegations. The description of the real estate to be sold, as contained in the contract, is not specifically set forth in the complaint; neither is the contract or a copy thereof attached to the complaint or set out therein.

An affirmative defense is pleaded in the defendant's answer, the substance of which is that, in September, 1911, he entered into a contract with the plaintiffs for the sale of certain real estate in Clarke county, Washington, and that he always has been and now is ready and willing to sell said real property as agreed and upon the terms mentioned in the contract, and is willing to give a good and sufficient warranty deed and furnish an abstract of title to the land described in the contract to any purchaser who complies with the terms of the contract. The plaintiffs thereupon replied, denying each and every allegation contained in the separate answer.

The cause thereafter came on for trial before the court and a jury upon the issues made by the complaint, answer, and reply. At the trial, it was stipulated that the defendant was the owner of the property claimed to have been sold by the plaintiffs, which was described as follows, to wit: The east half of the northeast quarter of section 30, township 2, north, range 3, east, W. M., in Clarke county, Washington. The written contract entered into between the plaintiffs and the defendant, dated July 20, 1911, was offered and admitted in evidence without objection. At the close of the case, the plaintiffs and the defendant each moved for an instructed verdict. The jury was dismissed and the motions argued. After argument, the court announced that the case was sufficient except that he doubted the sufficiency of the description of the real estate in the contract. A later date was set for argument upon this question, and after the same had been had, the court on May 13, 1912, entered a judgment dismissing the action for the reason that the contract upon which the action was based was void because it failed to describe any real property. The question of the invalidity of the contract under the statute of frauds was not raised by the defendant by demurrer or answer, but was raised for the first time by the court after the jury had been dismissed, and upon the argument of the motions for a directed verdict. The plaintiffs have appealed.

Two questions are presented for determination: First, is the statute of frauds available to the defendant, the question not having been raised either by demurrer or answer? and second, is the description of the property as contained in the contract sufficient?

I. The complaint pleaded a written contract, without setting out therein a copy. There was nothing on the face of the complaint to show that the contract as pleaded was subject to attack on the ground that it did not conform to the statute of frauds. The defendant in his answer admitted the making of a written contract, but denied certain other alle-

gations. The question of the statute of frauds was raised for the first time at the conclusion of the trial. The rule is that, if the contract as pleaded is without the statute, the pleading is not subject to a demurrer. Neither is the defendant required to plead the statute in his answer but may raise the question upon the trial. In *Goodrich v. Rogers*, 75 Wash. 212, 134 Pac. 947, it is said:

"If the pleading shows the contract to be in parol and it is admitted without challenge, it is generally held that the defense of the statute is waived. On the other hand, if a contract is plead that is without the statute, that is, that it is in writing, the pleading is not vulnerable to a demurrer, neither is the defendant bound to plead the statute in his answer. If he denies the contract as plead, the defense of the statute is open to him and the objection may be raised at the time of the trial."

II. The description of the property as contained in the contract was, "Seventy-nine acres in section 30, township 2 N., Range 3, E. W. M., Clarke Co., Wn. Owner, A. E. English." It will be observed that this description does not specify which 79 acres in section 30 was intended. To ascertain this fact, resort must be had to oral testimony. The description given cannot be applied to any definite property. This question has recently been before the court in the case of *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660. In that case, after reviewing the previous decisions, speaking of the description, it is said:

"The description being essential, it follows that it must be such a description as would meet the requirements of a sufficient description under any other phase of the statute of frauds, as, for instance, when invoked in actions for specific performance. It must be a description, complete within itself, by which the realty to be sold can be known and identified. [Citing authorities.] Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not

to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described."

Under this rule, the description of the land contained in the written contract in the present case is insufficient.

The judgment will be affirmed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.