[No. 11889. Department Two. August 14, 1914.]

## Henry D. Baylor, *Appellant*, v. W. H. Tolliver *et al.*, *Respondents*.[1]

Frauds, Statute of—Contract for Broker's Commissions—Description of Property. A written contract to pay a broker's commission on a sale of real estate is void as within the statute of frauds, Rem. & Bal. Code, § 5289, where the property is described as "my property, including one hundred and twenty-one acres of land near Ephrata, and appurtenances, water right, water contract with the city of Ephrata, etc., etc.;" since the description cannot be applied to any definite property without resort to parol testimony.

Same—Description—Sufficiency. A description of property, in a broker's contract of employment, is insufficient if it does not meet the requirements of a sufficient description under any other phase of the statute of frauds, as when invoked in actions for specific performance.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered October 28, 1913, dismissing an action on contract, after a trial before the court and a jury. Affirmed.

*Bates, Peer & Peterson* and *Daniel T. Cross,* for appellant.

*William M. Clapp,* for respondents.

Morris, J.—The lower court dismissed appellant's action to recover commissions for the sale of real estate under a written contract, upon the ground that the contract did not con-

[1]Reported in 142 Pac. 678.

tain a sufficient description of the real estate to satisfy the statute of frauds, Rem. & Bal. Code, § 5289 (P. C. 203 § 3), providing that agreements employing agents to sell real estate for a commission shall be void unless the agreement, or some note or memorandum thereof, be in writing signed by the party charged.

The description in the contract is as follows: ". . . my property, including (121) one hundred and twenty-one acres of land near Ephrata, and appurtenances, water right, water contract with the city of Ephrata, etc. etc." This description is insufficient, and the ruling of the lower court must be sustained, under the authority of *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, and *Thompson v. English*, 76 Wash. 23, 135 Pac. 664, and cases cited. It is clear that the description given in the contract cannot apply to any definite property without resorting to parol testimony. It was said in the *Cushing* case:

"Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described."

Appellant accepts this test and contends that, inasmuch as Ephrata is a small country town of well-known location, any one conversant with property holdings in that vicinity could easily identify the Tolliver ranch of 121 acres, having water contract with the town of Ephrata. That may be accepted, but that is not the description in the contract. In reading a contract, every word must be given some meaning and interpreted as though used by the parties for a particular purpose indicating their meaning and intent. This description is not confined to the Tolliver 121 acres near Ephrata, but includes other property of unknown descrip-

tion. The 121 acres is only a part of the property de-
scribed. We cannot eliminate the words "my property in-
cluding," and we have an incomplete description of the
Tolliver property of which the 121 acres is only a part.
What part? and, since "my property" includes 121 acres as
a part, how many acres are included in the whole? No other
meaning can be given to this language, without the aid of
parol testimony, than that the property involved contained
more than 121 acres, as the 121 acres is included as a part
of the whole acreage. Again, what is meant by "etc. etc.?"
The parties used that expression for some purpose. What
purpose? Does it include property? If so, what property,
and how is it to be determined except by parol testimony?
"Etc. etc." means something or nothing. It would require
parol testimony to determine which. No one could definitely
determine the property included in this contract without
first ascertaining the meaning of these expressions, in addi-
tion to ascertaining the meaning intended in the description
"my property, including 121 acres."

Appellant contends that the correct rule is that the de-
scription is sufficient if it meets the requirements of a suffi-
cient description under any other phase of the statute of
frauds, as when invoked in actions for specific performance.
We admit this to be the correct test, and as such it was laid
down in the *Cushing* case. Under this phase of his argu-
ment, appellant contends that the description here is analo-
gous to those contained in the following and other like cases
where the descriptions are held sufficient: "The 'Byers
place';" (*Ranney v. Byers*, 219 Pa. 332, 68 Atl. 971, 123
Am. St. 660). "We agree to purchase of H. his place at
S. containing 15 acres more or less;" (*Hodges v. Kowing*,
58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87). "A house and lot
on Amity street, Lynn, Massachusetts;" (*Hurley v. Brown*,
98 Mass. 545, 96 Am. Dec. 671); "Our farm in LeClaire's
reserve, Rock Island county, and consisting of 83.31 acres
more or less;" (*Guyer v. Warren*, 175 Ill. 328, 51 N. E.

580.)   In each of those cases, we find a description capable of definite ascertainment sufficient, with the aid of parol testimony, to identify the description with its location on the ground.   In order to be apposite, those descriptions should read, "My property, including the Byers place, etc.;" "the property of H. including his place at S. containing 15 acres more or less, etc.;" "my property including a house and lot on Amity street, etc.;" "our property including our farm in LeClaire's reserve, etc."   Or this description would have to read, "My farm at Ephrata containing 121 acres more or less."   Whatever may be said of the sufficiency of this latter description, it is not the description in the contract, and we apprehend a different rule would have been announced in the cited cases had the descriptions there interpreted contained the additional words, "my property, including——— etc."

We, therefore, hold the description is insufficient to satisfy the statute, and the judgment is affirmed.

CROW, C. J., PARKER, and MOUNT, JJ., concur.