[No. 11699.   Department One.   August 14, 1914.]

ALFRED SALIN, *Appellant*, v. L. ROY, *Respondent*.[1]

FRAUDS, STATUTE OF—CONTRACT FOR BROKER'S COMMISSION—DESCRIPTION OF PROPERTY.  A written contract to pay a broker's commission on a sale of real estate is void as within the statute of frauds, Rem. & Bal. Code, § 5289, where the property is described as "my timber and sawmill near Dupont . . . land, timber, mill and all," since the description is insufficient to determine the property included in the contract, without resort to parol testimony.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 22, 1913, dismissing an action on contract, upon sustaining a demurrer to the complaint.   Affirmed.

*McClure & McClure*, for appellant.

*Farrell, Kane & Stratton*, for respondent.

CHADWICK, J.—On April 3, 1911, defendant made and delivered to plaintiff a writing in form as follows:

"Seattle, Wash. Apr. 3, 1911.
"In case of Alfred Salin furnishes a customer for my timber and sawmill near Dupont, Washington, and if said Salin can sell said property on terms which I accept, I will protect said Salin in any price he can obtain over $10,500 for the land, timber, mill and all; or $8,500 for the same property with the land reserved with five to ten years' privilege to cut the timber against paying taxes.  I reserve the right to sell to others regardless of this agreement.
"L. Roy."

It is alleged in the complaint that plaintiff found a purchaser with whom the defendant consummated a sale of the timber and other property, reserving the land, for the sum of $9,000, and asked for a judgment in the sum of $500 as a commission, it being plaintiff's theory that he is entitled to all of the purchase price over and above the sum of $8,500.  The court sustained a demurrer to the complaint,

[1]Reported in 142 Pac. 679.

holding that the contract was ambiguous and that it could not be explained without resort to parol testimony, and was, therefore, void under the statute of frauds, Rem. & Bal. Code, § 5289, subd. 5 (P. C. 203 § 3), as construed in *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030, *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660; and *Goodrich v. Rogers*, 75 Wash. 212, 134 Pac. 947, and the cases collected therein.

Since the cases relied on by the trial judge were decided, this court has had occasion to reaffirm its holdings with reference to what seems to us to be the principal point involved in this case. While it is probably true that the contract does not in terms provide for the payment of a commission without resort to oral testimony to explain the word "protect," we think the description of the property is insufficient, under the authority of *Baylor v. Tolliver, ante* p. 257, 142 Pac. 678. In that case, the property was described as "my property, including (121) one hundred and twenty-one acres of land near Ephrata, and appurtenances, water right, water contract with the city of Ephrata, etc. etc." It was contended that the description was sufficient within the rule announced in the *Cushing* case, but the court held that the word "including" and the etceteras created an ambiguity that could only be explained by the aid of oral testimony. In speaking of the abbreviation "etc. etc.," the court said:

"The parties used that expression for some purpose. What purpose? Does it include property? If so, what property, and how is it to be determined except by parol testimony? 'Etc. etc.' means something or nothing. It would require parol testimony to determine which. No one could definitely determine the property included in this contract without first ascertaining the meaning of these expressions, in addition to ascertaining the meaning intended in the description 'my property, including 121 acres.'"

In this case, the description is, "my timber and sawmill near Dupont . . . I will protect said Salin in any price he can obtain over $10,500 for the land, timber, mill and

all." It seems to us that the words "and all" are in legal effect the same, and are governed by the same rule of construction, as the words "etc. etc." in the case just cited. In fact, it seems that counsel must have appreciated this lack of legal sufficiency in the contract and has attempted to make it definite in his complaint where the property is described as "310 acres of timber land, located, lying and being in Section 2, Township 18, North of Range 1 East, Willamette Meridian, Pierce county, Washington, together with the engine, machinery, sawmill, supplies and other personal property located thereon." We can add nothing to the argument made by the court in the *Baylor* case. The judgment is affirmed.

CROW, C. J., GOSE, MAIN, and ELLIS, JJ., concur.