[No. 13641.  *En Banc.*  January 9, 1918.]

## L. H. ROGERS, *Respondent*, v. CHARLES H. LIPPY *et al.*, *Appellants.*[1]

FRAUDS, STATUTE OF—BROKER'S COMMISSION—SUFFICIENCY OF MEM-
ORANDUM.  A contract for a broker's commission on a sale of "my
stock ranch located in sections 9, 17, and 21, township 3, south,
range 13 east, Sweetgrass county, Montana," is not sufficiently defi-
nite as to the description to constitute a compliance with Rem. Code,
§ 5289, requiring such contracts to be in writing (ELLIS, C. J.,
MORRIS, MAIN, and HOLCOMB, JJ., dissenting).

Appeal from a judgment of the superior court for King
county, Pemberton, J., entered June 10, 1916, upon findings
in favor of the plaintiff, in an action on contract, tried to the
court.  Reversed.

*Edward R. Taylor*, for appellants.

*H. D. Allison*, for respondent.

PARKER, J.—The plaintiff, Rogers, seeks recovery from
the defendants, Lippy and wife, compensation for services
which he alleges were rendered by him under the following
written contract:

"Seattle, Wash., March 4, 1916.
"Commission Agreement. .
"It is hereby understood and agreed by C. H. Lippy and
L. H. Rogers:
"That in case said L. H. Rogers furnishes a buyer or a
party who will exchange for my stock ranch located in sec-
tions 9, 17, and 21, township 3, south, range 13 east, Sweet-
grass county, Montana, for properties presented by him, I
hereby agree to pay the said L. H. Rogers a commission of
$1,250, on the valuation of $40,000.  This particularly re-
fers to the Espanola Apartments and land occupied by said
apartment on the west side of 11th avenue between Pike and
Union streets, 80x128 feet.  The present owners are Mr. and

[1]Reported in 169 Pac. 858.

Mrs. W. S. Craig.  Settlement and adjustments to be made
when deeds are passed to said property.

"C. H. Lippy,
"Mrs. C. H. Lippy."

Trial in the superior court without a jury resulted in
findings and judgment in favor of the plaintiff, from which
the defendants have appealed to this court.

Respondent was, at the time in question, engaged in the
real estate brokerage business in Seattle.  Mr. Lippy made
known to respondent his desire to sell or exchange his Mon-
tana stock ranch for Seattle property.  Respondent, know-
ing that Mr. and Mrs. Craig desired to dispose of their
property in Seattle, known as the "Espanola Apartments,"
suggested to Mr. Lippy the possibility of an exchange of
their ranch for the apartment property, it appearing that
there was not a great difference in the respective values of
the properties, which difference, it was thought, could be ad-
justed satisfactorily.  Thereupon the commission contract
above quoted providing for respondent's compensation was
executed.  Mr. and Mrs. Lippy were introduced to the Craigs
by respondent, were shown over the apartment property and,
on March 6, 1916, entered into a contract with Mr. and
Mrs. Craig for an exchange of the Montana ranch for the
apartment property.  This contract was in writing, duly
signed and acknowledged by the Craigs and Lippys.  It
became a binding obligation on the part of all parties to
make the exchange by the execution of conveyances for the
respective properties.  The Craigs were able and willing to
consummate the exchange according to the terms of the ex-
change contract, but the Lippys refused to do so.  There-
upon respondent commenced this action to recover his com-
pensation for services rendered under the commission con-
tract, resulting in judgment in his favor, as above noticed.
By the provisions of Rem. Code, § 5289, contracts of this
nature must be evidenced in writing to render them enforcible,
that section being, in effect, a statute of frauds with refer-

ence to such contracts. We are confronted with the question of the sufficiency of the description in this commission contract of the land owned by appellants to be so exchanged. The only words of the description are "my stock ranch located in sections 9, 17 and 21, township 3, south, range 13, east, Sweetgrass county, Montana."

In *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239, reviewing at some length the question of the necessity of such contracts containing a description of the property with reference to which they are made, Judge Ellis, speaking for the court, observed:

"To avoid the uncertainty against which the statute is directed, it is obviously as necessary that the subject-matter of the sale be sufficiently described as that the amount of the commission be sufficiently stated, . . . the employment, the description of the real estate and the agreement to pay the commission are all essentials to any writing meeting the terms of the statute. . . . The description being essential, it follows that it must be such a description as would meet the requirements of a sufficient description under any other phase of the statute of frauds, as, for instance, when invoked in actions for specific performance."

It is true the description there involved was more deficient than that here in question. We call attention to the rule thus stated by Judge Ellis, however, to show that the description is as much a necessary part of such a contract to be evidenced in writing as any other portion of the contract.

In *Thompson v. English*, 76 Wash. 23, 135 Pac. 664, holding a somewhat similar description insufficient to satisfy the statute, Judge Main, speaking for the court, said:

"The description of the property as contained in the contract was. 'Seventy-nine acres in section 30, township 2 N., range 3 E. W. M., Clarke Co., Wn. Owner A. E. English.' It will be observed that this description does not specify which 79 acres in section 30 was intended. To ascertain this fact, resort must be had to oral testimony. The description given cannot be applied to any definite property."

It will be noticed that the description there involved was limited to land in one named section, while this description is even more general, being limited to land in three named sections. It was accompanied by the name of the owner, as this description is.

In the late case of *Gilman v. Brunton*, 94 Wash. 1, 161 Pac. 835, there was involved the following description which was challenged as not being sufficient to support specific performance.

"Whereas, W. B. Brunton and Opal M. Brunton, parties of the first part, are the owners in fee simple of the following bounded and described property, situated in the county of Clarke, state of Washington, 48 acres, more or less, bounded on the north by Cedar Creek and situated about one mile east of Etna, Wash., said property being the same property conveyed to the party of the first part by W. Tate and wife in 1912."

This description not only has the owners' names in connection therewith, but a reference therein to the property as being the same as that conveyed by named parties to named parties in a certain year. Yet it was held insufficient upon the authority of *Thompson v. English, supra.* We think the manner of mentioning the owners' names in connection with or, as we might say, as a part of the description in *Thompson v. English* and *Gilman v. Brunton*, means in substance the same as the words "my stock-ranch" in the description here in question, and furnished as much aid to the descriptions in those cases as does the manner of designating the owner of the property in connection with this description. Our decisions in *Baylor v. Tolliver*, 81 Wash. 257, 142 Pac. 678, and *Salin v. Roy*, 81 Wash. 261, 142 Pac. 679, are in harmony with *Thompson v. English* and were rested principally upon the rule as therein announced, though Judge Morris in *Baylor v. Tolliver* makes some observations and citations of authority which may seem to indicate that the decision in *Thompson v. English* is not in harmony with the weight of authority elsewhere.

There are, we think, no decisions of this court dealing with the sufficiency of land descriptions in commission contracts out of harmony with the views expressed in *Thompson v. English*, or those decisions following the one rendered in that case. However, turning to those cases decided by this court having to do with the sufficiency of land descriptions in deeds and other contracts affecting interests in real property, there are one or two which can hardly be harmonized with the views expressed in these later commission contract cases. In *Langert v. Ross*, 1 Wash. 250, 24 Pac. 443, a contract of sale showing upon its face that it was executed in Tacoma was involved, wherein the description was: "lots No. 1 and 2, in block 1806," no addition, city or state being named in the description. This description was held to be good upon its face so that the identity of the lots could be shown by oral evidence. This holding, it must be admitted, is seemingly out of harmony with our later decisions in commission contract cases.

In *Hartigan v. Hoffman*, 16 Wash. 34, 47 Pac. 217, there was involved a description in a deed reading: "East half, northeast quarter and northwest quarter of northeast quarter of section 13, in town. 35, range eight east." This description was held insufficient to render the deed effective because no state, county or meridian was mentioned. It appeared upon its face to have been executed in Nebraska, and it was claimed to have conveyed land in this state. This decision seems to be in harmony with our later ones. In *Broadway Hospital and Sanitarium v. Decker*, 47 Wash. 586, 92 Pac. 445, in a receipt for rent containing an option to purchase the property, the description read: "House No. 322 Broadway," mentioning no town, city or state. It was held insufficient to satisfy the statute. This decision is also in harmony with our later ones. In *Wetzler v. Nichols*, 53 Wash. 285, 101 Pac. 867, 132 Am. St. 1075, there was involved a description in a deed reading: "Lots seven and eight in Cove addition to the city of Seattle, Washington."

This description was held sufficient upon its face to admit parol evidence to identify the lots, it appearing by extrinsic evidence that there were blocks in the addition containing other lots of these numbers. We think this holding can be harmonized with our later ones upon the theory that the description was a perfect one upon its face. Looking to its language alone, the court would presume that there were no other lots of those numbers in the addition. Manifestly the defect was latent and did not appear until it was shown that there were other lots of those numbers in the addition. Hence the evidence was admissible only to identify the lots intended to be conveyed, after it appeared from extrinsic evidence that there were more than two lots to which the description could be applied. It was not a question of the sufficiency of the description upon its face. We all know that the description of a tract by lot number and addition name is supposed to have reference to something that has an official existence evidenced by record. "My stock ranch located in sections 9, 17 and 21" fails to show certainty upon its face. It may mean any number of acres of any sort of description of land in those sections.

We are of the opinion that our early decisions having to do with descriptions in deeds or real property contracts, in so far as they may be regarded as out of harmony with our later decisions above noticed, are not of controlling force in the present controversy. It is possible that, if the problem here presented were a new one in this state, we might now reach a different conclusion from that which was reached in *Thompson v. English* and the decisions following the law there announced. We now, however, feel constrained to hold that the settled law of this state makes the attempted description of the land in this contract insufficient to render it enforcible.

After all, it seems to us that, where land is sought to be described in a contract coming under the statute of frauds, which is located within an official government survey so that

it can readily be described with reference to such survey with certainty, the necessity of the former very liberal rule of construing land descriptions in such contracts, which necessity seems to have been the principal reason for its existence before the coming of our system of official government surveys, has almost wholly disappeared. The law as announced in our later decisions makes for certainty, and modern conditions render it easy to follow in the vast majority of cases.

Being of the opinion that respondent cannot recover because of the invalidity of the contract upon which he sues, we find it unnecessary to notice other questions presented.

The judgment is reversed, and the action dismissed.

MOUNT, FULLERTON, WEBSTER, and CHADWICK, JJ., concur.

MORRIS, J. (dissenting)—I am unable to concur in the rule announced in the majority opinion, and inasmuch as this and the following case of *Nance v. Valentine, post* p. 323, 169 Pac. 862, have settled adversely to my conception of the law a question upon which the court has sharply divided, I desire as briefly as possible to express my reasons for my dissent.

We are agreed, as stated in the case of *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239, that the contract here involved is enforcible if the description of the real property is sufficient to meet the requirements of the statute of frauds if contained in a deed or other contract relating to real estate. The question then is, if a contract relating to this real estate contained the description given in this contract, would such a description be sufficient under the requirements of the statute of frauds?

The majority opinion proceeds upon a wrong conception of the question here propounded. This is manifest from the quotation and reference to the *Cushing* case to the effect that parol testimony is not admissible to add to the description contained in a contract relating to real property. That.

.such is the law cannot be denied and, so far as I know, no court of late years has ever attempted to write a contrary rule. But this is not the question here involved. Respondent is not attempting to· add anything to the description contained in his contract.· His position is that the description is sufficient. What he is maintaining, and in this, in my opinion, the law supports him, is that, while parol testimony is not admissible to add to the description of the property, it is admissible to identify the description with its location upon the ground and thus apply it to a definite piece of property. That this is permissible is clearly pointed out in the *Cushing* case where it is said:

"Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described. 'Parol evidence may be resorted to for the purpose of identifying the description contained in the writing with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated and supplying a description thereof which they have omitted from the writing.' "

The same distinction is pointed out in *Baylor v. Tolliver*, 81 Wash. 257, 142 Pac. 678, citing the *Cushing* case and attempting to show the distinction between those cases where it is sought to add to the description by parol and those. where there is "a description capable of definite ascertainment sufficient with the addition of parol testimony to identify the description with its location upon the ground." In the *Baylor* case, it is pointed out that the case falls within the first class as being an attempt to add to the description given, it being necessary, in order to support the contract, to admit parol testimony of the meaning of the words used, which comes within the inhibition stated in the *Cushing* case.

These two cases, in my opinion, correctly announce the rule as supported by the great weight of authority and should be adhered to.

That, in real estate contracts, it is permissible to show by parol the circumstances of possession, ownership and situation of the parties and their relation to each other and to the property at the time of the negotiations is, in my opinion, a rule of such universal recognition that I shall make but little reference to authorities in its support. In *Guyer v. Warren*, 175 Ill. 328, 338, 51 N. E. 580, it is said:

"A deed or other written contract is not void for uncertainty in a description of the land sold or conveyed if, from the words employed, the description can be made certain by extraneous evidence of physical conditions, measurements or monuments referred to in the deed."

In *Fish v. Hubbard's Adm'rs*, 21 Wend. (N. Y.) 651, it is said: "A location or application of the description of parcels, must always be made by evidence *aliunde*."

In *Murray v. Mayo*, 157 Mass. 248, 31 N. E. 1063, it is said:

"Any description in a deed or contract of sale of real estate from which the property can be exactly located is sufficient, although parol evidence is necessary to supply the description to the land and fix the boundaries."

In *Baker v. Hall*, 158 Mass. 361, 33 N. E. 612, the same rule is thus stated:

"For the purpose of interpreting the document, we may put ourselves 'in the position of the parties, and ascertain by oral evidence their relation to any property which would satisfy the terms of the memorandum.'"

*Ryder v. Loomis*, 161 Mass. 161, 36 N. E. 836, announces the same rule and says it is well settled. 2 Wharton, Evidence (3d ed.), § 943, makes this familiar illustration in support of the rule: "If an estate be conveyed by the designation of Blackacre, parol evidence is receivable to show what property is known by that name."

*Ranney v. Byers*, 219 Pa. St. 332, 68 Atl. 971, 123 Am. St. 660, refers to the rule as "a well-recognized doctrine, sustained alike by text-writers and decided cases," and adds "it is not proving an essential part of the declaration by parol—that cannot be done—but simply identifying or locating the subject."

In *Gould v. Lee*, 55 Pa. 99, the court says:

"Parol evidence is not admissible to alter or contradict what is written, upon the very obvious principle that the writing is the best evidence of the intentions of the parties; but parol evidence has many times been received to explain and define the subject-matter of written agreements. Herein is no contradiction."

The distinction between these two rules is pointed out in *Peart v. Brice*, 152 Pa. St. 277, 25 Atl. 537, in this language:

"A contract for the sale of land in which the description lacks the certainty necessary to locate it, is, without doubt, void. Neither words which do not describe, nor descriptive language, which is equally applicable to any one of several tracts of land, can be supplemented by parol evidence as to what tract was intended. But parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible."

In order to sustain the majority rule it must be held that the maxim "that is certain which can be made certain" is not applicable to cases of this character. This maxim is pointed to in many of the authorities as a sustaining reason for the admissibility of oral testimony in cases of this character. *Hurley v. Brown*, 98 Mass. 545, 96 Am. Dec. 671; *Hodges v. Kowing*, 58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87; *Smith & Fleek's Appeal*, 69 Pa. 474; *Mead v. Parker*, 115 Mass. 413, 15 Am. Rep. 110; *Robeson v. Hornbaker*, 3 N. J. Eq. 60.

There is nothing new or strange about this rule. I have never known it to be questioned but that, under the rules of

evidence, contracts in writing may be explained by parol evidence so far as to identify the subject-matter and apply the writing to it.   10 R. C. L. 1080, 1081; 17 Cyc. 724. Such a rule has always been recognized by this court.  In *Newman v. Buzzard*, 24 Wash. 225, 64 Pac. 139, it is said:

"Parol evidence is, and must of necessity be, always admissible to identify the property described in and conveyed by a deed to ascertain to what property the particulars of description in the deed apply."

The same rule is announced in *Schultz v. Simmons Fur Co.*, 46 Wash. 555, 90 Pac. 917; *Wetzler v. Nichols*, 53 Wash. 285, 101 Pac. 867, 132 Am. St. 1075; *Robinson v. Taylor*, 68 Wash. 351, 123 Pac. 444, Ann. Cas. 1913E 1011; *Old Republic Min. Co. v. Ferry County*, 69 Wash. 600, 125 Pac. 1018.

The majority opinion cites many of our own cases.  Bearing in mind the rule we have attempted to point out, there is no conflict in them.   In so far as an attempt has been made to add to the description by parol it has been denied, but when it was sought to identify the property, it has been permitted.   The only exception is *Thompson v. English*, 76 Wash. 23, 135 Pac. 664, and *Gilman v. Brunton*, 94 Wash. 1, 161 Pac. 835.   These two cases are wrong and, in my opinion, should be overruled.   *Salin v. Roy*, 81 Wash. 261, 142 Pac. 679, referred to by the majority, does not follow the *Thompson* case, but is bottomed upon the *Baylor* case as an attempt to add to the description in the contract by explaining the meaning of the words used.   If the distinction I have attempted to point out is recognized there will be no confusion; if not, confusion must necessarily arise.

Much more might be said in support of my views, but the foregoing is sufficient to indicate my reasons for dissenting, which is all that need be said.

Ellis, C. J., Main, and Holcomb, JJ., concur with Morris, J.