MILLER v. MEILSTRUP.

TAXATION—TAX DEEDS—TITLE OF PURCHASER—SUBSEQUENT PUR-
CHASER—RIGHT TO RECONVEYANCE.
  Complainant acquired a tax deed based upon the taxes of 1898
    at a time when the taxes of 1899, 1900, and 1901 were due and
    unpaid, no part of which he paid.  Subsequently he served on
    the record owners the notice to redeem provided by section
    140 of the tax law (§ 3959, 1 Comp. Laws) after which defend-
    ant purchased the State bid for the taxes of 1899 and paid
    the taxes of 1900 and 1901.  The record owners then deeded
    to a third person who deeded to defendant.  Held, that com-
    plainant had no title and was not entitled to compel a recon-
    veyance from defendant on payment of the amount paid for
    the State bid for the taxes of 1899, with interest and charges,
    and without compensation for the taxes of 1900 and 1901,
    and the amount paid for the record title.

Appeal from Arenac; Sharpe, J.   Submitted February
1, 1906.   (Docket No. 90.)   Decided July 3, 1906.

Bill by Floyd D. Miller against James S. Meilstrup and
Anna J. Meilstrup to compel a reconveyance of certain
real estate, and to quiet title thereto.   From a decree dis-
missing the bill, complainant appeals.   Affirmed.

Brown & Farley, for complainant.

De Vere Hall, for defendants.

MOORE, J.   The questions involved in this case are so
clearly stated by the circuit judge in his written opinion
that we insert it here:

" The facts in this case, as conceded, or, in my opinion,
established by competent proof, are as follows:
" 1.  That on April 26, 1902, the complainant purchased
at the auditor general's office the State bid for the taxes
of 1898 on the lands in question herein.   That at that
time the taxes of 1899, 1900, and 1901, were delinquent

and unpaid. That complainant received a tax deed by virtue of such purchase on the 9th day of August, 1902, but the same was not recorded by him until after the commencement of this suit.

"2. That the First National Bank of Detroit, Nicholas C. Hartingh, and W. Frank Whittemore were on said August 9, 1902, the grantees in the last recorded conveyance in the regular chain of title to said land. That on October 7, 16, and 16, 1902, notice to redeem pursuant to the statute was served on said grantees, and proof of such personal service was filed in the office of the county clerk of said Arenac county on October 20, 1902.

"3. That on September 9, 1902, the defendant Anna J. Meilstrup purchased at the auditor general's office the State bid for the taxes of 1899 on said land, at the same time paying the taxes for the years 1900 and 1901, and on September 10, 1903, she received a tax deed pursuant to such purchase.

"4. That on December 4, 1902, said Hartingh and Whittemore, and on July 25, 1903, said bank, deeded their interests in said land to the Iosco Land Company, and said company on August 8, 1903, deeded the same to the defendant James S. Meilstrup.

"5. That on September 25, 1903, the defendant James S. Meilstrup conveyed all his interest in said land by warranty deed, subject to taxes, to the defendant Anna J. Meilstrup.

"6. That on May 10, 1904, complainant tendered to defendant Anna J. Meilstrup the sum of $80 (this being the amount of the State bid for the taxes of 1899, and 100 per cent. additional thereto and $5) and demanded a reconveyance from her, which she declined to give.

"The complainant now files this bill to compel the defendant Anna J. Meilstrup to make such reconveyance and to quiet the title of said land in him as to both said defendants.

"It will be observed that both complainant and defendant Anna J. Meilstrup claim title under tax deeds. When the period of six months had elapsed after complainant filed with the county clerk proof of service of the notice to redeem, as stated in the second finding, to wit, on April 20, 1903, he became the absolute owner of the land in question. At that time he could have redeemed from the State bid purchased by Mrs. Meilstrup for the taxes of 1899 at either the office of the auditor general or county

·treasurer. He is certainly chargeable with notice that the taxes of 1899 were unpaid. There would seem to be no question of equity involved, as either of the parties by ·consulting the public record of taxes could have relieved themselves from·the effect of the conveyance obtained by the other. The question presented is a purely legal one. Did the conveyance by James S. Meilstrup to Anna J. Meilstrup, made on September 25, 1903, relieve her from ·serving the notice required by section 140 of the tax law (1 Comp. Laws, § 3959), in order to make her deed absolute ? This section, prior to the amendment of 1903 (Act No. 236, Pub. Acts 1903), provided that no writ of assistance or other process for possession, based on such title as Mrs. Meilstrup had, should be issued until six months after she should have filed with the county clerk proof of service of the notice, therein provided for, ' upon the grantee or grantees under the last recorded deed in the regular ·chain of title to said land.' Section 141 provides that the party so served with notice may at any time within six months after the filing of proof of service of such notice make payment to the purchaser of certain sums stated therein and be entitled to a reconveyance of the interest acquired thereby. Section 142 provides that no such purchaser shall enter into possession until six months after notice has been given, as required by section 140, ' unless he shall have acquired from said parties their title thereto under conveyance from said party or parties of their interest in said land.' Section 143 limits the time within which the parties served with such notice may make such payment and demand such reconveyance or commence ·suit to set aside the tax deed to said six months and bars their right to question the validity of the tax deed thereafter.

"From the provisions in the section above noted it is apparent that Mrs. Meilstrup was not required to serve · the complainant with notice, even if she knew of the existence of the tax deed. As it was not recorded, there can be no presumption that she did. The only person entitled to notice on September 10, 1903, when she received her tax deed, was James S. Meilstrup. But procuring a conveyance from him on September 25, 1903, she complied with the requirements of section 142 and was entitled to at once enter into possession of said land. Her deed then became absolute against all persons entitled to such notice and all persons who had any title of record against said

land. The serving of a notice and filing proof of service thereof would have been a useless formality so far as James S. Meilstrup was concerned. If so, and his interest was the only one affecting her title and her right to possession at that time, so far as the records showed and so far as she knew, I am of the opinion that it should be held that she had substantially complied with the requirements of these different sections when construed together, and that her title became absolute as against the right of complainant to demand a reconveyance. The title passed to Mrs. Meilstrup when she obtained her deed. To entitle her to possession she is required to comply with certain provisions of the law. These provisions are not to strengthen her title, but to permit certain persons, who are particularly mentioned, and who appear by the records to have specific interests, to obtain a reconveyance from her on certain terms. She has obtained the interest of the only ones thus entitled. I do not wish to be understood as holding that a narrow construction should be given to the words 'grantee or grantees' as used in these sections, nor in passing upon the question as to the necessity for such notice in cases where the record showed that the estate of such grantee was involved under levy, or other proceedings. The complainant claims no such right in this case.

"As to whether or not complainant is barred from questioning the validity of her tax deed by the limitation in section 143, I express no opinion, as that question is not involved in this proceeding.

"It follows that a decree may be prepared dismissing the bill of complaint, with costs."

The case is brought here by appeal. Counsel for appellant say in their brief:

"At the time the learned circuit judge filed his opinion in this case, the decision of *Boucher* v. *Trembley*, 140 Mich. 352, was not reported, and it would seem that the decision in that case would have an important bearing upon the correct construction to be placed upon the statutes, and would call for a reversal of the decree of the circuit court, and the entry of a decree in this court in accordance with the prayer of the bill of complaint. This court, in the case last cited, used the following very significant language:

" ' Under this decision we cannot avoid the conclusion that a conveyance from the original owner who, during this period of redemption, is held to be the owner of the property and who is not, until due notice and the expiration of the time for redemption, divested of his title, of necessity merges the tax title into the original title so obtained. Consequently in this case the plaintiff took the title to the property in dispute subject to the equity of these defendants to claim for improvements, and the court did not err in holding that such right was not cut off by plaintiff's tax title.'

" * * * We also claim that, under the provisions of section 143, Act No. 128, Pub. Acts 1901, the parties holding the original title were barred from questioning the validity of the tax title thus acquired by complainant. The Iosco Land Company, to whom they quitclaimed after such notice served on them, would also be barred and bound by such notice. James S. Meilstrup, the defendant who subsequently obtained a deed, would also be bound by such notice. Anna J. Meilstrup, who held the subsequent tax title, would also be bound by such notice and should be held to knowledge of the forfeited condition of such original title."

The contention of counsel amounts to this: That by acquiring a tax deed based upon the unpaid taxes of 1898, which deed was acquired at a time when the taxes of 1899, 1900, and 1901 were unpaid, and no part of which has been paid by complainant, complainant has succeeded not only in extinguishing the original record title, but may compel defendant (who has a deed based upon the unpaid taxes of 1899, and who at the time she acquired her deed paid the taxes of 1900 and 1901, and who subsequently acquired the interest of the original holders of the title to the land) to convey to him without reimbursing her for the cost of the original title and the amount paid for the taxes for 1900 and 1901. Such a result is very inequitable and ought not to be reached unless the law compels it. If counsel are right in asserting that his tax deed and the notices which were given made him the absolute owner, it can hardly be said that Mrs. Meilstrup, by the conveyance to her on September 25, 1903, became so vested with the original title as to merge her tax title in the original

title. The original title cannot be held as extinguished, and the title absolute in the complainant, and at the same time to be in existence so that when acquired by defendant her title based upon a valid tax deed is merged in the original title, both of which by that act become worthless.

We do not think the court erred in his disposition of the case.

The decree is affirmed.

HOOKER, J., concurred with MOORE, J.

OSTRANDER, J. I concur in the result upon the ground that complainant had no title to the land.

MCALVAY and GRANT, JJ., concurred with OSTRANDER, J.