[No. 7955.   Department Two.   September 9, 1909.]

JOHN BRODERIUS *et al.*, *Appellants*, v. FRED ANDERSON, *Respondent*.[1]

TRIAL—FINDINGS—NECESSITY—DISMISSAL AND NONSUIT.    Upon trial of an action at law before the court, findings of fact are not necessary to support a judgment of nonsuit, granted for failure of plaintiff to prove sufficient facts, under Bal. Code, § 5029, requiring findings by the court on an issue of fact; since the court merely decided the insufficiency of the evidence as a matter of law.

FRAUDS, STATUTE OF—BROKERS—EMPLOYMENT—MEMORANDUM.    An agreement with brokers whereby the owner of premises offered to take a fixed sum for his property, the brokers to have all that they could get over that sum, is within the statute of frauds, Laws 1905, p. 110, requiring agreements employing an agent to sell real estate for compensation to be in writing.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 5, 1908, upon granting a nonsuit, in an action on contract tried before the court without a jury.   Affirmed.

*Jones & Salisbury*, for appellants.

*W. J. Parks* and *J. M. Simpson*, for respondent.

PARKER, J.—By their complaint plaintiffs allege, in substance, that prior to December 17, 1907, the defendant agreed to sell to them his farm, consisting of 160 acres of land, with certain personal property, for the total sum of

[1]Reported in 103 Pac. 837.

$6,400, and to execute a good and sufficient deed conveying the same either to the plaintiffs or such other person as they might designate, on payment of said sum, and that thereafter on that day plaintiffs paid to defendant the sum of $500 as a partial payment thereon; that thereafter, about February 20, 1908, defendant conveyed the premises to Robert Podratz, who was designated by plaintiffs as the party to whom such conveyance should be made; that thereupon Podratz paid to defendant therefor the total sum of $8,000, $1,600 of which is claimed by plaintiffs, for which they pray judgment against defendant.

Defendant's answer was in substance a denial of the allegations of the complaint, except he admits conveying the land to Podratz on February 28, 1907, which he alleges was in pursuance of a sale made direct by him to Podratz for $8,-000, and further alleges that if plaintiffs have any claim against him the same is for commission on the sale, but that he never at any time listed in writing the premises with plaintiffs or either of them, and that they are barred and stopped from maintaining this action on their alleged claim by virtue of chapter 58, p. 110, Laws of 1905, being a part of our statute of frauds.

The cause proceeded to trial before the court without a jury; and at the conclusion of the plaintiffs' evidence, the court dismissed the cause on motion of defendant's attorneys, reciting in its order of dismissal, among other things, the following:

"And the plaintiffs having introduced all their testimony rested their case; thereupon the defendant moved for judgment of nonsuit upon the grounds that the plaintiffs had failed to prove the allegations in their complaint and that the testimony showed conclusively that the suit is a suit for a commission for sale of real property and that no written contract had been entered into by the parties to said suit; and the court having heard the argument of respective counsel and having considered the testimony and being fully ad-

vised in the law and the premises, hereby grants defendant's motion for judgment of nonsuit."

And thereupon plaintiffs appealed to this court.

Counsel for appellants contend that the trial court erred in rendering judgment in the cause without first making findings of fact and conclusions of law, claiming that the same are necessary to support the judgment under Bal. Code, § 5029 (P. C. § 645), which provides:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

Section 633 of the Code of Civil Procedure of California is in substance identical with this provision, but it is there held that findings are unnecessary in the granting of a nonsuit. *Reynolds v. Brumagim*, 54 Cal. 254. This being a law case, and triable by jury unless trial by the court be consented to, no doubt a judgment granting affirmative relief would need findings of fact, made in compliance with this section, for its support, if proper request therefor be made by either of the parties; but since this judgment of nonsuit is based upon the failure of appellants to prove facts sufficient to entitle them to recover, there are no affirmative facts for the court to find. When the court dismissed the cause upon the grounds of respondent's motion, it did not decide a question of fact; it simply decided, as a matter of law, that the evidence introduced by appellants, treating it as uncontradicted, did not entitle them to judgment. *Thompson v. Myrick*, 24 Minn. 4; *Fleming Cut Sole Co. v. Garretson*, 5 N. Y. Supp. 344; *Golden v. Newbrand*, 52 Iowa 59, 2 N. W. 537, 35 Am. Rep. 257; 8 Ency. Plead. & Prac., 937. We are of the opinion that when a judgment is not based upon some affirmative fact or facts, findings are unnecessary to its support, and the failure of the court to make

findings in such a case, whether requested or not, is not error.

It is next contended that the court erred in holding that the agreement between the parties, as disclosed by the evidence, was within the provision of our statute of frauds, Laws 1905, p. 110, which provides:

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

There is no evidence whatever offered by appellants showing, or tending to show, any agreement between the parties to this action, or memorandum thereof, in writing signed by any one. Neither was there any evidence in support of even an oral agreement such as is alleged in the complaint to the effect that the respondent agreed to sell the premises to appellants. The most that can be said of appellants' evidence is that it tended to show that they had an oral understanding with respondent that they might find a purchaser for his farm, that he would take $40 an acre or $6,400 therefor, but would not pay any commission, and that they might have all over that sum they could sell it for. Thereafter the farm was sold and conveyed by respondent to Podratz, a customer who had been produced by appellants. It is plain that whatever agreement there was between appellants and respondent amounted to nothing more at best than an oral agreement authorizing or employing them as agents for respondent to sell the farm for compensation or commission, and it is therefore clearly within the statute rendering such contract void unless in writing. It is plain that appellants cannot recover in this case even though they may have fully performed the contract which their evidence shows was orally made. *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473.

We find it unnecessary to discuss other questions, presented, since our conclusions thereon would not change the result whether resolved favorably to appellants or respondent. The judgment of the learned trial court is affirmed.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.