[No. 14850.  *En Banc.*  October 8, 1918.]

F. C. HENNEBERG, *Respondent,* v. G. W. COOK *et al.,*
*Appellants.*[1]

FRAUDS, STATUTE OF — BROKER'S COMMISSIONS — CONTRACT TO PAY FOR PAST SERVICES. A written agreement that a certain sum was due for a broker's commission in case of consummation of the sale, entered into ten days after the sale, was, in effect, an agreement to pay for past services, and so is not within Rem. Code, § 5289, which requires a broker's written contract for commissions to contain a description of the property to be sold.

PLEADING. A defense upon which the defendant refused to introduce any evidence must be considered as abandoned.

BROKERS—CONTRACT—CONSTRUCTION—TIME FOR PAYMENT. A contract for a broker's commissions payable on or before a certain date, as follows: "one-half when a certain mortgage was sold," which sale was within the control of the owner, requires payment by such date.

[1]Reported in 175 Pac. 313.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 15, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Losey & Newton,* for appellants.

*A. E. Barnes,* for respondent.

HOLCOMB, J.—Respondent and appellants entered into a written contract as follows:

"This agreement, made and entered into this 23d day of March, 1912, by and between the Cook-Reynolds Co. and Lee-Wier Co., and F. C. Henneberg, to wit:

"It is agreed and understood that in case the sale of the 578 acres of land located in Fergus county, Montana, to John A. Schmidt of Spokane, Wash., is closed according to the contract entered into between the Cook-Reynolds Co. and said John A. Schmidt, March the 13th, 1912, there will be due the Lee-Wier Company and F. C. Henneberg the sum of ($1,445) fourteen hundred and forty-five dollars, payable by the Cook-Reynolds Co. on or before July 16th, 1913, as follows:

"Seven hundred and twenty-two 50-100 ($722.50) when the Cook-Reynolds Co. has sold that certain mortgage of $5,000 to be received from the said John A. Schmidt according to contract, and $722.50, seven hundred twenty-two 50-100 dollars, when the lot numbered 6 in block 8, Sinto Addition to Spokane, is sold by said Cook-Reynolds Co.

"It being understood and agreed that the Cook-Reynolds Co. shall pay one-half (½) of each of the above mentioned payments to the Lee-Wier Co., and one-half (½) of each of the above mentioned payments to F. C. Henneberg.

"It being further agreed, however, that in case the said sale of said land above mentioned is not consummated and closed according to said contract with John A. Schmidt, then in that case there will be no commission due either Lee-Wier Co. or F. C. Henneberg, and this agreement shall be null and void.

"Signed this 23d day of March, 1912, by George W. Cook, its treasurer of the Cook-Reynolds Co., and Lee-Wier Co. and F. C. Henneberg.

"Lee-Wier Co.

"By E. T. Lee, and F. C. Henneberg.

"The Cook-Reynolds Co.

"By G. W. Cook, Treasurer."

This suit was brought on the contract to recover the last half of respondent's commission of $472.75, with interest.

Respondent testified in his own behalf that the contract for the sale of the Montana land was fulfilled by sale to Schmidt, but no attempt was made to prove the description of the 578 acres of land in Fergus county, Montana, nor was evidence offered to show that the sale contract in appellants' possession contained a description of the land.

It is alleged that appellants partly performed the commission contract by paying one-half of the commission, and that they refuse to pay the last half thereof.

Appellants alleged and contended, (1) that the commission contract was void on account of the statute of frauds; and (2) that the lot taken in the trade had not been sold and, for that reason, the last installment of commission was not due. At the close of respondent's testimony, appellants moved for judgment, which was denied. Appellants refused to introduce any evidence, and judgment was granted to respondent.

Appellants assign that the court erred: (1) In refusing to sustain appellants' demurrer to the complaint; (2) in refusing to grant judgment in their favor upon motion made at the conclusion of respondent's testimony; (3) in refusing to find that the contract sued on is within the statute of frauds, and that no sufficient description of the land, for the sale of which respondent is claiming a commission, is set forth

in the contract; and (4) in refusing to find that, under the terms of the contract, there was nothing due respondent at the time suit was commenced, for the reason that the terms thereof as to the sale of the lot in Spokane had not yet been complied with.

The first three assignments may be considered together, the controlling question being whether the commission contract is controlled by the statute of frauds. Rem. Code, § 5289, is as follows:

"In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

It will be seen that the contract herein for compensation or commission for the services rendered by the agent or broker to sell or purchase real estate was in writing. Respondent proved that he had completed the services and had received part of the commission. If the commission contract had contained a definite description of the property sold, respondent would have been under the same obligation to prove that he had performed the contract. Appellants cite us to *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, and *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862, but the case at bar can readily be distinguished from these cases in that it refers to the sale contract entered into on March 13, 1912, between appellants and Schmidt, and provides that, upon closing the contract, there will be due respondent *et al.,* $1,445, payable by appellants on or before July 16, 1913, upon specified contingencies. Thus it will be seen that a sale contract had been entered into and that, when the same was fulfilled ac-

cordingly, certain amounts were due respondent to be paid within a time certain. This contract was entered into March 23, 1912, ten days subsequent to the making of the sale contract, and was, in effect, a promise to pay for past services. *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 26 L. R. A. (N. S.) 519. It was manifestly so construed by appellants when they paid the first installment due for the service. Furthermore, the statute of frauds, as amended in 1905, § 5289, *supra,* was for the purpose of preventing frauds instead of promoting the same. The rule established in the *Rogers* and *Nance* cases, supra, should not be extended to cases where the services of a broker have been completed, all the parties to the sale contract have fully performed, a written promise to pay the broker for his service has been signed by the party to be charged, and there existed no necessity for specific performance to complete the sale.

Appellants' fourth assignment of error relates to the time when the commission is payable. The second defense, that the lot taken in trade had not been sold, and for that reason the last installment—that sued on —was not due, was not supported by any evidence and must be considered abandoned when appellant refused to offer evidence in support thereof. On examining the contract, it is plain that all the commission is due on or before July 16, 1913, and the subsequent provisions must be considered to have been effectuated as long as they are within this period. The sale of the lot was within the control of appellants. If it was not sold, such fact was a matter of affirmative defense and proof on the part of the party within whose control it was, even if it can be conceded that, under the provision of the contract for payment within a certain time, the party charged therewith could indefinitely

postpone its payment by indefinitely postponing the sale of its lot.

There is no error. Affirmed.

MITCHELL, FULLERTON, MOUNT, MACKINTOSH, and TOLMAN, JJ., concur.

MAIN, C. J., and CHADWICK, J., concur in the result.