[No. 16458.   Department One.   November 16, 1921.]

# G. D. GRANT, *Respondent,* v. JOHN TEN HOPE *et al., Defendants,* GUY SYFORD *et al., Appellants.*[1]

FRAUDS, STATUTE OF (20)—BROKER'S COMMISSIONS—CONTRACT TO PAY FOR PAST SERVICES. A contract between parties to the exchange of properties in which it is agreed to pay a broker a commission for services in carrying out the transaction is one on its face for past services and does not necessitate the written contract between broker and principal required by Rem. Code, § 5289, in case of an agreement for the employment of a real estate broker.

BROKERS (13)—COMPENSATION—PERFORMANCE OF CONTRACT OF EMPLOYMENT. Where, in a contract for the exchange of properties, time is not the essence of a provision allowing either party thirty days to make good any defect in his title, a tender of a good title on the thirty-first day is sufficient, and a wrongful rejection of such tender would not defeat the broker's right to compensation promised him by the party who refused to perform the contract.

JUDGMENT (212) — CONCLUSIVENESS—PERSONS NOT PARTIES. A decree cancelling a contract for the exchange of properties, to which a broker who had rendered services in bringing about the exchange was not a party, would not bar the broker from enforcing any right to compensation earned.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered July 15, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed.

*J. Charles Dennis* and *W. McB. Perrin,* for appellants.

*H. R. Lea,* for respondent.

TOLMAN, J.—Respondent, a real estate broker, procured the defendants Ten Hope and wife, as parties of the first part, and the defendant Guy Syford, as party of the second part, to enter into a written con-

[1]Reported in 201 Pac. 750.

tract for the exchange of real estate, dated January 3, 1914, which, among other things, provides:

"Whereas, the parties of the first part, and the party of the second part are desirous of making an exchange of real estate, the parties of the first part in consideration of one dollar ($1.00) paid by the party of the second part, receipt of which is hereby acknowledged, agrees to sell to the party of the second part, and the party of the second part agrees to buy of the parties of the first part, to wit:"

Then follows a description of the Ten Hope property, which is admittedly complete and sufficient except that the township is given as "Township 9" instead of "Township 9 North", and no mention is made of the county and state in which the land lies. After setting forth the encumbrances to be assumed, the contract proceeds:

"The parties of the first part agree with the party of the second part that these above described lands have a perpetual water right to such lands, the same having been paid up in full and all water rents have been paid to date.

"In consideration of the sum of one dollar ($1.00) paid by the parties of the first part to the party of the second part, receipt of which is hereby acknowledged, the party of the second part agrees to sell and the parties of the first part agree to buy the following property:"

Then follows a description of the Syford property, which is admittedly correct.

"Both parties agree to furnish complete abstracts of title to their respective properties within fourteen days from date of this agreement. In case the title of either of these properties should be defective, then the owner of the respective property should have thirty days from date that such notice is given of such defect in which to correct the same. Such abstracts to be examined within six days of the delivery thereof. . . .

The party of the second part shall have one week from the signing of this agreement in which to examine the land and must give notification of acceptance or rejection within this period to G. D. Grant, acting agent.

"It is further agreed that the parties of the first part shall pay G. D. Grant $500 as their share of the commission for his services in carrying out this transaction, to be paid as follows: $50 in cash; the balance in three equal payments in 30, 60 and 90 days. It is further agreed that the party of the second part shall pay G. D. Grant as his share of the commission $300 for services of said Grant in this transaction.

"This agreement shall be null and void if not signed by both the first and second parties thereto. It shall also be void if the said second party should give notice of rejecting the above described land."

The exchange was not consummated because Syford claimed that there was a cloud upon the title to the property of the Ten Hopes, gave notice thereof according to the terms of the contract, and the cloud not being removed within thirty days from the giving of the notice (although its removal was tendered on the thirty-first day and there is no provision of the contract making time the essence thereof), Syford brought an action against the Ten Hopes, to which respondent was not a party, resulting in a decree cancelling the contract.

His commission not having been paid, respondent brought this action against both parties to the contract, resulting in a judgment against the Ten Hopes for $500, from which no appeal has been taken, and a judgment against Syford and the Syford Mortgage & Realty Company (the undisclosed principal for whom Guy Syford was acting) for $200, there having been a written agreement to reduce the sum named in the contract to this amount.

Syford and the Syford Mortgage & Realty Company appeal, raising the following points: (1) that the

action is barred by the statute of frauds because the contract does not contain a sufficient description of the Ten Hope land; (2) that respondent failed to procure a purchaser ready, able and willing to purchase as required by the contract; and (3) that respondent failed to effect an exchange of the properties within thirty days, or at all, and hence is not entitled to recover.

(1) The statute (Rem. Code, § 5289) provides that, "an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission" shall be void unless in writing and signed by the party to be charged. Clearly this is not such a contract, as it purports to give no authority to the agent or broker, and, as we read it, the broker's services had already been performed in bringing the parties together and procuring the contract to be signed. The things still to be done were such as must be done by the parties themselves, and while it may have been understood that the broker would render them such assistance as he might without further charge, still it clearly appears that the contract neither authorized nor required him to do anything more. Assuming, without deciding, that the description of the land was insufficient, still under the authority of *Muir v. Kane*, 55 Wash. 131, 104 Pac. 153, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519, and *Henneberg v. Cook*, 103 Wash. 685, 175 Pac. 313, in which the subject is fully discussed, we hold that the statute of frauds does not apply.

(2) Discussing together the two remaining contentions, and assuming that, if one of the parties had been unable to perform, the other would not be liable to pay the commission, still the evidence is clear that the so-called cloud was of a nature which gave rise to an honest difference of opinion as to whether or not the

title was thereby affected; that Ten Hope was at all times eager to close the trade; was delayed in part by appellant's attempt to sell him the furniture in the property to be conveyed, believing that the transaction depended upon his purchasing the furniture rather than in removing the cloud, and when finally convinced that Syford would insist on the payment of $350 as the amount required to remove the cloud, he proceeded promptly to raise that sum of money and obtained it in time to and did tender it on the 31st day after the giving of the notice. All this, in view of what the contract contains and does not contain, i. e., "this agreement shall be null and void if not signed by both parties hereto. It shall also be void if the said second party shall give notice of rejecting the above described land," without a word making time of the essence, or indicating a right to cancel or rescind upon the failure to furnish abstracts, examine them, examine the land, or cure the defects within the time limits of the contract, convince us that Ten Hope was able and willing to perform, and the failure to complete the exchange was due to the appellants' wrongful rejection of the tender.

We are not concerned with the decree in the action between appellants and Ten Hope, as the respondent was not a party thereto nor bound thereby, and can see nothing in appellants' offer of that decree in evidence in this case, or the manner in which it was received, which tends to make it binding upon respondent.

Finding no error, the judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.