[No. 18318.  Department Two.  March 31, 1924.]

BERNIE E. WHITE, *Appellant*, v. PANAMA LUMBER & SHINGLE COMPANY, *Respondent*.[1]

FRAUDS, STATUTE OF (20, 35)—BROKERS—CONTRACTS FOR COMMISSION—DESCRIPTION—SUFFICIENCY. An authority to a broker to sell the owner's "shingle mill plant situated in the city of O" is void for want of a sufficient description of the property, under Rem. Comp. Stat., § 5825, subdiv. 5, requiring contracts employing brokers to be in writing.

SAME (43)—OPERATION OF STATUTE—INDIVISIBLE CONTRACT. An authority to a broker to sell the owner's "shingle mill plant" is indivisible, and being void as to the real estate for want of a sufficient description, it cannot be sustained as to the personal property.

SAME (20)—BROKER'S COMMISSIONS—CONTRACT TO PAY FOR PAST SERVICES. Where an authority to a broker to sell real estate was void under the statute of frauds for want of a sufficient writing, a subsequent agreement to pay for services rendered cannot be enforced unless the same is in writing, a parol ratification not being sufficient.

SAME (20)—BROKER'S COMMISSIONS—CONTRACT TO PAY FOR PAST SERVICES—ACKNOWLEDGMENT OF DEBT—SUFFICIENCY. After a broker had performed services in selling real estate under an agreement void under the statute of frauds, for want of a sufficient description of the property, a subsequent writing executed by both parties, directing a bank to pay the broker $5,000 out of the first $15,000 received from the purchaser, is a sufficient written acknowledgment of the indebtedness in that sum to be paid in the manner directed.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered February 7, 1923, upon sustaining a demurrer to the complaint, dismissing an action for a broker's commissions. Reversed.

*Troy & Yantis*, for appellant.
*Thos. L. O'Leary*, for respondent.

[1]Reported in 224 Pac. 563.

BRIDGES, J.—This was a suit by a real estate broker, seeking to recover commissions alleged to be due him for services in the sale of certain real estate. The trial court, having sustained a demurrer to his second amended complaint, he refused to plead further and judgment dismissing the action was entered. The only question before us is whether the second amended complaint states a cause of action.

It alleges that, on January 10, 1921, the plaintiff had a letter from the defendant, reading as follows:

"Mr. Berney E. White,
"Olympia, Washington.

"The undersigned is desirous of selling its shingle mill plant situate in the city of Olympia, Washington, and hereby offers to pay you the sum of $5,000 under the terms and conditions herein specified in the event that you secure a purchaser for said property. It is understood that should you find a purchaser who is willing to pay the sum of $60,000 therefor and make a payment down in the sum of $15,000 that we will pay you your $5,000 commission out of the initial payment made us of $15,000. Panama Lumber & Shingle Company,          By E. J. Bordeaux, Its President."

The complaint further alleges that, after receiving this letter, the plaintiff secured a purchaser who was able and willing to buy on the terms imposed by defendant; that subsequently and on March 1, 1921, the defendant entered into a written contract with such purchaser which provided that the latter should pay $60,000 for the property involved, $15,000 of which was to be paid within sixty days and the balance at stated intervals. This contract also provided that it and other papers were to be, and they were (thereafter), deposited in a certain bank to which the purchase money was to be paid; that, within the sixty-day period mentioned in the contract, the initial payment of $15,000 was made, and that thereby the defendant be-

came indebted to the plaintiff in the sum of $5,000 for his services; that no part thereof except $1,400 has been paid. It was further alleged that, after the property had been sold, the defendant orally agreed to pay the plaintiff the sum of $5,000 for the services thus performed by him, and that this oral agreement was reduced to writing and signed on March 1, 1921, and reads as follows:

"Memorandum.
"To the Capital National Bank,
"Olympia, Washington.
"Gentlemen: Referring to the matter of the sale of the shingle mill of the Panama Lumber & Shingle Company to D. H. Sears, according to said contract dated March 1, 1921, you are hereby requested and instructed that out of the first payment of $15,000 to be made by said Sears on the purchase price of said mill you are to pay over to Berney E. White, of Olympia, Washington, the sum of $5,000 and charge the same out of the purchase price of said mill according to the terms of the contract. Dated at Olympia, Washington, March 1, 1921.          Panama Lumber & Shingle Company
"By E. J. Bordeaux, Its President.
"Party of the First Part.
"Bernie E. White,  (Seal)
"Party of the Second Part."

(1) The appellant first contends that the letter of the respondent to him of date January 10, 1921 (being the first instrument above quoted), complies with § 5825 Rem. Comp. Stat. [P. C. § 7745], reading as follows:

"In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully, authorized, that is to say:

(5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or commission.''

On the other hand, the respondent argues that that instrument is insufficient because it fails to give a description of the property which was to be sold. Under our previous decisions we must hold with the respondent. The letter describes the property as respondent's ''shingle mill situated in the city of Olympia, Washington.'' In the case of *Salin v. Roy*, 81 Wash. 261, 142 Pac. 679, a similar contract described the property as ''my timber and sawmill near Dupont, Washington,'' and we held the description to be insufficient. In *Nance v. Valentine*, 99 Wash. 323, 169 Pac. 862, we held the following description to be insufficient; ''my property, the 667 acre hay ranch located near Cataldo, Idaho.'' A number of our other cases are to the same effect. See *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239; *Goodrich v. Rogers,* 75 Wash. 212, 134 Pac. 947; *Baylor v. Tolliver,* 81 Wash. 257, 142 Pac. 678; *Thompson v. English,* 76 Wash. 23, 135 Pac. 664; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583; *Larue v. Farmers & Mechanics' Bank,* 102 Wash. 434, 172 Pac. 1146. We do not further discuss this portion of the case because the appellant himself seems to almost concede the weakness of his case as based on this letter.

(2) He asserts that, because most of the property he sold was personal property, he should, at least, be permitted to recover as to it. The contract, however, was indivisible, and since it is void as to the real estate it is void also as to the personal property. In *Dutiel v. Mullens,* 192 Ky. 616, 234 S. W. 192, a similar case, the court said:

''It is contended that the promise to pay the $1,000 evidenced by the check, being in part a promise to pay

for land, it was not without consideration—in part at least—as the sale of personal property was not affected by the statute of frauds. The contract as alleged was an entire contract; that is, the land and personal property were sold by one and the same contract. The contract was entire and indivisible. There was no sum fixed as the price of the personalty, separately from the price of the land, so that the sale of one could be held valid and the other invalid. The contract for the sale of the land being indivisible, the contract for the sale of the personalty must also fail, as the two cannot be separated."

(3) It is insisted that, under the doctrine of *Muir v. Kane*, 55 Wash. 131, 104 Pac. 153, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519, the appellant is entitled to recover under the alleged oral agreement made by the respondent subsequently to the performance of the services. In that case the facts were that the broker had an oral contract with the owner of real estate for the sale thereof upon a fixed commission. He did not undertake to recover on this oral contract, but upon a written contract made subsequently to the performance of the services. This agreement was embodied in the written contract of sale between the owner and the purchaser. We held that such an oral contract to pay commissions on the sale of real estate, being void and unenforcible under the statute of frauds, raised a moral obligation which is a sufficient consideration to support a subsequent written agreement to pay a designated sum for the services. The rule of the *Muir* case has been upheld in *Belcher v. Tacoma, Eastern R. Co.*, 99 Wash. 34, 168 Pac. 782; *Henneburg v. Cook*, 103 Wash. 685, 175 Pac. 313; *Grant v. Ten Hope*, 117 Wash. 531, 201 Pac. 750. In each of those cases the subsequent agreement to pay for the services was in writing, consequently they do not support appellant's argument that he may enforce his subsequent oral

7—129 wash.

agreement. He confesses that he has not found any cases to support his view. The purpose of the statute is to prevent frauds and perjuries, and to permit recovery upon a subsequent oral contract to pay would be to violate the spirit of the statute and permit that to be accomplished indirectly which is forbidden to be accomplished directly. Where the authority is required to be in writing, the ratification should be evidenced in the same way; if the authority is good by parol, its ratification can also be by parol. Such is the general rule. 1 Reed, Statute of Frauds, § 382; *Sorenson v. Smith*, 65 Ore. 78, 129 Pac. 757, 51 L. R. A. (N. S.) 612.

(4) If the complaint states a cause of action it must be because it embodied the memorandum of agreement of March 1, 1921, whereby the respondent directs the bank to pay to the appellant out of the first $15,000 the sum of $5,000. This is the second writing above quoted. If this agreement is in itself sufficient to acknowledge an indebtedness for past services and is a promise to pay therefor, then the appellant may recover upon the theory stated in *Muir v. Kane, supra.* The agreement was entered into after the appellant had performed the services for which he seeks compensation. That such subsequent written agreement need not contain all the formalities required by the statute of an original employment of a broker (such as a particular description of the property) seems to be well settled by the authorities.

In *Bagaeff v. Prokopik*, 212 Mich. 265, 108 N. W. 427, 17 A. L. R. 1992, it was held that, where a property owner gave to a broker his promissory note evidencing an indebtedness on account of the services performed by the broker in selling real estate under an oral agreement, recovery might be had on the note notwithstanding the statute of frauds. The oral con-

tract being void, the parties stood as though no contract at all had been made, and the landowner had the right, after the performance of the services, to acknowledge his indebtedness.

A similar conclusion was reached in the case of *Mohr v. Rickgauer*, 82 Neb. 398, 117 N. W. 950, 26 L. R. A. (N. S.) 533, where the court said:

"When, however, the defendant, after receiving the benefit of services, executes a written promissory note in payment thereof, it would seem that the reason of the law was fulfilled. The contract is then established by his own signature. The object of the statute is, as we have seen, to prevent frauds and perjuries; and, while certain contracts are by the terms thereof declared void, the uniform construction placed upon the statute by the courts renders it not void but merely unenforcible."

But if a description of the property sold were necessary to the validity of the instrument it may be found in the contract of sale, to which detailed reference is made in this written order on the bank.

The respondent contends that the subsequently executed contract involved here neither acknowledges an indebtedness nor promises to pay. While the words "promise" or "agree to pay" are not found in the contract, nor any specific words to the effect that the respondent admits its indebtedness to the appellant, yet a reading of the instrument is convincing that such was the purpose and understanding of the parties. The instrument is executed by both the parties hereto and directs the bank to pay the appellant $5,000 out of the first $15,000 which is received from the purchaser. This amounts to a written acknowledgment of the indebtedness from the respondent to the appellant and an agreement to pay it, provided the first $15,000 of the purchase price is paid by the purchaser, and the complaint alleges that this was paid. If the contract

does not mean this, what was its purpose? Why was it executed?

It is our view that the second amended complaint states a cause of action. The judgment is reversed and the cause remanded for further proceedings.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.