[No. 18453.  Department Two.  July 17, 1924.]

JAMES W. COLLINS *et al., Respondents,* v. ELMER HARRIS *et al., Appellants.*[1]

FRAUDS, STATUTE OF (20)—REAL PROPERTY—CONTRACT FOR BROKER'S COMMISSIONS. The settlement of a default in the purchase of land by an agreement whereby the vendees were to remain in possession as tenants, with the privilege, for a reasonable time, of finding a purchaser to whom the vendors agreed to make the conveyance, deducting from the price such sum as would make them whole on the original contract, is an agreement to pay a broker's commissions, within Rem. Comp. Stat., § 5825, and void if not in writing.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered May 28, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Charles P. Gable,* for appellants.

*Dave Hammack* and *Thomas Smith,* for respondents.

FULLERTON, J.—On December 28, 1921, the appellants Harris, being then the owners of a certain tract of land situated in Skagit county, contracted to sell the same to the respondents Collins. The contract price of the land was $4,000. Of this sum, the respondents paid $500 at the time of the execution of the contract, assumed a mortgage then on the land of $1,700, and agreed to pay the balance of the purchase price in monthly installments of $33.33 each. The purchasers also agreed to pay the interest accruing on the mortgage as it matured, interest on the deferred payments at the rate of eight per cent per annum, and the taxes on the property purchased as they became due. Certain personal property also passed with the real property for which the respondents agreed to pay the sum of fifty dollars.

The respondents defaulted in the payments; and

[1]Reported in 227 Pac. 508.

towards the latter part of the year 1922, the appellants, through their agent, sought an adjustment of the matter. After some negotiation, a settlement agreement was reached on December 4, 1922. The terms of the agreement are a matter of dispute between the parties; but taking that version of the evidence which the jury evidently believed, the agreement was, in substance, this: The contract of purchase was to be cancelled and surrendered, and the respondents were to remain in possession of the premises as tenants, rent free, until the first day of January, 1923, and for a "reasonable" time thereafter on the payment of rental at the rate of thirty dollars per month. In the meantime, the respondents were to have the privilege of procuring a purchaser for the premises; and if they did procure such a purchaser, the appellants would convey the property to him, deduct such sum from the purchase price as would make them whole on the original contract of purchase, and pay the remaining balance over to the respondents.

The evidence on behalf of the respondents tended to show that the contract of sale was cancelled; that the respondents remained in possession of the premises until some time in January, 1923, and while so in possession found a purchaser in the person of one Chas. Alm; that they were about to conclude a contract with him when the purchaser, through some source, learned that he could make a better contract with the principals than with the respondents, and thereafter negotiated with the principals, finally purchasing the property directly from them.

The jury before whom the cause was tried returned a verdict in favor of the respondents in the sum of $958. The trial court, however, concluded that the evidence would not justify a verdict in a sum more than eight hundred dollars, and offered the respondents the

alternative of taking a judgment for this sum or of submitting to a new trial. The respondents accepted the former branch of the alternative, and judgment was entered in their favor for eight hundred dollars.

The contract, as found by the jury, was not in writing, and the appellants contend that there can be no recovery thereon because of the statute of frauds. The statute (Rem. Comp. Stat., § 10550) [P. C. § 1909], provides that all conveyances of real property, or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate, shall be by deed. It also provides (Ib., § 5825) [P. C. § 7745], that an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or for a commission shall be void unless the agreement, or some note or memoranda thereof, be in writing, signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized.

The parties in their arguments have given their principal attention to the question whether the contract falls within the first of these provisions, and each of them has been able to bring authority; the one to support the rule that the contract is within the statute, and the other that it is not. But we have not found it necessary to determine the question. It seems to us clear that the contract is void and unenforcible because of the second provision of the statute cited. The utmost that can be claimed for the contract is that it was an agreement wherein the respondents were authorized, as agents of the appellants, to sell the property of the appellants for compensation, and clearly such a contract is void by the express terms of the statute if it be not in writing. Whatever may have been the inducement that caused the parties to enter into the contract cannot change the rule. The inducement for

a contract is nothing more than the consideration for a contract. The legislature has not seen fit to make consideration an excepting element; it has declared contracts of this sort void if not in writing, regardless of the consideration, and as such a declaration is within its constitutional powers, the courts may not lay down a different rule.

It must be remembered that the case was tried in the court below and is presented in this court as a case of purely legal cognizance in which the verdict of the jury is conclusive as to the facts, and it is in this manner we have viewed the question determined. If it can be said that the case presents equitable considerations sufficient to prevent the case falling within the statute cited, then the facts are for the consideration of the court, and the verdict of the jury only advisory. Viewing the questions presented from this aspect, we cannot accept the findings of the jury as correctly determining the facts. It may be that the appellants' agent told the respondents that, if they were able to find a purchaser prior to January 1, 1923, who would take the property for the amount due on the contract at the time such a purchaser was found, the respondents would convey the property to the purchaser; but that the promise extended for an indefinite or "reasonable" time after January 1, or that the agreement was a part of the consideration for cancelling the respondents' contract of purchase, the very decided weight of the evidence is to the contrary.

The judgment is reversed, and the cause remanded with instructions to enter a judgment to the effect that the respondents take nothing by their action, and that the appellants recover their costs.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.