[No. 22454.   Department One.   September 17, 1930.]

GREEN B. PALMER, *Appellant, v.* STANWOOD LAND·
COMPANY, *Respondent.*[1]

*George F. Yantis* and *E. N. Steele,* for appellant.
*Robert Mulvihill,* for respondent.

PARKER, J.—The plaintiff, Palmer, seeks recovery
of compensation for services alleged to have been ren-
dered by him for the defendant land company in ef-

[1]Reported in 291 Pac. 342.

fecting a sale of real property belonging to it. The company demurred to Palmer's complaint, challenging his right of recovery upon the facts therein stated, because it thereby appears that his claimed right of recovery is barred by our statute of frauds. The demurrer was sustained by the superior court, and Palmer elected not to plead further. Final judgment of dismissal was rendered against him, from which he has appealed to this court.

The following, we think, is a sufficient summary of the controlling facts appearing by the allegations of Palmer's complaint (our quotations are from the complaint or exhibits made part thereof) : On May 2, 1922, the land company entered into a contract with J. H. Hougen by which it agreed to sell, and Hougen agreed to purchase, the property in question. The agreed purchase price was twelve thousand dollars, payable partly in cash and partly in deferred installments. On October 31, 1922, Hougen assigned his interest in the property and the contract to Palmer. On November 10, 1922, this assignment was duly confirmed by a writing signed by the land company and Palmer, he therein agreeing to complete the purchase of the property according to the terms of the contract.

"Thereafter, plaintiff, being in arrears in his payments on said contract, entered into an oral agreement with defendant whereby it was provided that plaintiff would quit-claim his interest in the said property to the defendant, but that plaintiff should retain possession of the property, look after it and have the right to sell the said property, and that; in the event he found a purchaser, he should have for himself all money realized from said purchase in excess of the balance due on said contract, plus interest to the date of said sale. Thereafter, and while said agreement was in force and effect, plaintiff found a buyer who entered into a contract with plaintiff for the purchase of said property for the agreed sum of $23,000."

That contract was made by Palmer as vendor and Ralph G. Miller as vendee, Palmer agreeing to sell and Miller agreeing to purchase the property.

Thereafter, on November 13, 1925, the land company, by its president, delivered to the Olympia National Bank a writing, accompanied by certain specified papers, reading as follows:

"Olympia National Bank,      November 13, 1925.
"Olympia, Wash.
"Gentlemen:

"We inclose to you herewith the following papers:

"Deed to certain property in Thurston County from the Stanwood Land Company to Ralph G. Miller.

"Abstract of Title.

"Note and copy of chattel mortgage given by Green B. Palmer to Stanwood Land Company for $500. This chattel has been satisfied.

"You are instructed to notify Mr. Palmer at Lacey and deliver either to him or his order the above papers upon the payment of $9,862.19. Interest is calculated to November 15 and if settlement is not made at that time interest at rate of 6% on total amount is to be added.

"The above parties are to bear any exchange or collection charge in connection with the deal.

"You are authorized to deduct from the above amount $12 to cover revenue stamps and attach to deed. You are also authorized to release abstract for examination.

"If no action is taken on this within 10 days, kindly advise us.                Yours very truly,
                    "C. W. Brokaw,
                        "President."

The inclosed deed was for the conveyance of the property from the land company to Miller. The $9,-862.19, directed to be collected by the bank as a condition for its delivering the deed to Palmer, was the amount, with accrued interest, which would have then been owing upon the original sale contract for the land

by the land company to Hougen, which was assigned to Palmer, had that contract remained in existence. Within ten days after the delivery of this writing and accompanying papers to the bank, the land company withdrew its direction to the bank, executed and delivered directly to Miller a deed conveying the property to him, and then received from Miller a money consideration for that deed in excess of $9,862.19, without the consent of Palmer, and has refused to pay to Palmer any compensation claimed by him. On January 28, 1929, this action was, by Palmer, commenced in the superior court for Snohomish county, seeking recovery of compensation from the land company for effecting the sale of the property to Miller, claiming such compensation in the sum of $13,137.81, that being the difference between the $23,000 contract price stated in the sale contract between Palmer and Miller and the $9,862.19 which would have been owing upon the sale contract between the land company and Hougen, which was assigned to Palmer, had that contract remained in existence.

Palmer's claimed right of recovery from the land company is rested upon the theory that he has an enforceable contract with the land company under which he is entitled to compensation for the sale of the property to Miller, though such contract was not evidenced in writing until November 13, 1925, after he had completed his claimed sale service by procuring the purchase contract from Miller. As we understand counsel for Palmer, it is conceded by them that there was no written evidence of any compensation or commission contract between him and the land company until November 13, 1925, after he had procured the purchase contract from Miller, and that Palmer's right of recovery, if any he has by this action, must rest upon the theory that his contract with the land

company here in question was, and is, in legal effect, a compensation or commission contract. Indeed, we see no sound ground upon which it could be successfully argued to the contrary.

The real contention here made in behalf of Palmer is that the writing signed by the president of the land company and delivered by him to the bank, with the specified accompanying papers on November 13, 1925, constituted a contract promise in writing binding upon the land company to pay Palmer compensation as prayed for by him.

Our statute of frauds relating to contracts such as Palmer claims was orally made between him and the land company when he quit-claimed his contract right in the land to the land company, reads:

"In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission." Rem. Comp. Stat., § 5825.

We have given full force and effect to this statute in the following decisions and perhaps others: *Broderius v. Anderson,* 54 Wash. 591, 103 Pac. 837; *Crouch v. Forbes,* 63 Wash. 564, 116 Pac. 14; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583; *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862; *Kuh v. Lemcke,* 107 Wash. 45, 180 Pac. 889; *Collins v. Harris,* 130 Wash. 394, 227 Pac. 508.

We have held that a properly evidenced contract promise, made after the rendering of such service, to pay compensation therefor, will be enforced, though the original employment contract with the agent or

broker be void because not evidenced in writing; this upon the theory that such original unwritten contract and the performance thereof constitute a sufficient moral consideration to support a promise to pay for services rendered in pursuance thereof, made after the rendering of such services. *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519; *Henneberg v. Cook,* 103 Wash. 685, 175 Pac. 313; *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750; *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563; *Sams v. Olympia Holding Co.,* 153 Wash. 254, 279 Pac. 575.

Recurring now to the writing signed by the president of the land company and delivered by him to the bank, which is wholly relied upon as evidencing an effectual contract promise on the part of the land company to pay Palmer compensation for his alleged sale service; we are confronted with these considerations: (1) That writing was not delivered by the land company to Palmer, but by the land company directly to the bank. (2) Palmer did not join in the execution of that writing as an escrow agreement, and was not a party to it. (3) That writing did not contain any promise to Palmer. It, manifestly, was but a direction to the bank to perform a mere service for the land company.

■ The argument of counsel for Palmer apparently proceeds upon the theory that that writing constituted an escrow agreement. If so, it must have been an escrow agreement between the land company and Palmer with the bank as the third party; but, plainly, we think, it established no rights or liabilities as between anyone except as between the bank and the land company, the only parties to it, as long as its directions remained unexecuted. In 10 R. C. L. 622, the applicable law is well stated as follows:

"In order that an instrument may operate as an escrow when delivered to one not a party to the instrument to be delivered over in turn to a party to the instrument upon the performance of certain conditions, there must be a valid contract between the parties as to the subject-matter of the instrument and the delivery, and that in the absence of such a contract the party making the delivery may recall the instrument."

Our own decisions in *Nelson v. Davis,* 102 Wash. 313, 172 Pac. 1178, and *Miller v. Smith,* 119 Wash. 163, 205 Pac. 386, recognize this to be the law. Counsel for Palmer rely particularly upon our decision in *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563, wherein recovery of a broker's commission was awarded upon a written, mutual direction, made after the rendering of the services, though the original contract of service seems to have failed because of its failure to comply with our statute of frauds. White sought, and was awarded, recovery from the shingle company upon a writing signed both by himself and the shingle company, directing the bank, which was to receive certain moneys, to pay to White a certain specified sum therefrom. Manifestly, in that case the bank was obligated to White as well as to the shingle company. White was a party to that agreement between the shingle company and himself, the bank being the third party and the agent of both for the distribution of the money as directed.

We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., TOLMAN, MAIN, and MILLARD, JJ., concur.