[No. 23148.   Department Two.   July 20, 1931.]

F. N. JOHNSON, *Appellant,* v. M. L. SAVAGE,
*Respondent.*[1]

*Fred B. Morrill* and *James P. Dillard,* for appellant.
*G. M. Ferris* and *John L. Fitzgerald,* for respondent.

BEALS, J.—In his complaint, plaintiff alleged the sale
and delivery, February 7, 1929, from himself to de-
fendant, of ten thousand shares of the common stock of
Bobby Anderson Group Mining Company, for which
defendant agreed to pay $1,475; the prayer being for a
judgment for that amount.

In his answer, defendant admitted the sale and de-
livery of the stock, but denied any indebtedness on his
part to plaintiff. By way of an affirmative defense, de-
fendant alleged that, on the day of the sale of the stock,
plaintiff orally employed defendant to secure an option
for the purchase of the "Amy Matchless" group of
mining claims, an Idaho property, at the price of twen-
ty-five thousand dollars, and orally agreed with de-
fendant that, if defendant could procure such an option
at the price mentioned, plaintiff would pay to the de-
fendant as commission the sum of two thousand five

[1]Reported in 1 P. (2d) 890.

hundred dollars. Defendant alleged his accomplishment of the employment, and that he procured an option such as plaintiff desired, but that plaintiff did not avail himself thereof, and failed to purchase the mining property covered thereby.

Defendant further alleged that there became due to him from plaintiff, because of the oral employment and services rendered thereunder, the sum of $2,500, and that defendant sent plaintiff a written statement indicating that plaintiff was indebted to defendant in the sum of $1,025, being the difference between $2,500, due defendant for services, and the agreed price of the mining stock sold by plaintiff to defendant; that on some date after March 21, 1929, plaintiff and defendant met at Kellogg, Idaho, and that it was then agreed between them that defendant would accept, in full of his claim against plaintiff, the mining stock referred to in plaintiff's complaint in this action, and that plaintiff and defendant then and there agreed that their mutual claims, one against the other, should be canceled, and that such cancellation would be a full and complete settlement between them of their respective claims, one against the other.

In his reply, plaintiff denied the affirmative matter contained in defendant's answer; and the action proceeded to trial before the court sitting without a jury, resulting in the making of findings of fact and conclusions of law in defendant's favor, pursuant to which a judgment was entered dismissing the action, from which judgment plaintiff appeals.

When the case was called for trial, appellant moved for judgment in his favor upon the pleadings, stating, as his ground for the motion, the fact that respondent's answer admitted the sale of the stock as alleged in the complaint, and pleaded as an affirmative defense an

oral contract for the payment of a commission, void under the statute of frauds. The trial court overruled appellant's motion, which ruling is assigned as error.

Granting that the oral contract between the parties to pay a commission was unenforceable under Rem. Comp. Stat., § 5825, requiring such a contract, or note or memorandum thereof, to be in writing, respondent, in his affirmative defense, pleaded other facts, and alleged that, after he had earned the commission under the oral employment, the parties settled their difficulties by agreeing to mutually cancel their claims, one against the other. It is not the law that a contract, void under the statute of frauds, which has been fully performed, will not constitute a valid consideration for a subsequent agreement. In the case of *Hutchinson v. Mt. Vernon Water & Power Co.,* 49 Wash. 469, 95 Pac. 1023, this court quoted from 8 Cyc. 505, the following:

"The rule is well settled that an agreement of compromise is supported by a sufficient consideration where it is in settlement of a claim which is unliquidated, where it is in settlement of a claim which is disputed, or where it is in settlement of a claim which is doubtful. There are cases to the effect that in order to support a compromise in avoidance of litigation the claim must be an actual one, founded upon a colorable right about which there is room for honest doubt and actual dispute, and with some legal or equitable foundation, and not one which is without foundation, and is known to be so, or is in its nature an illegal claim out of which no cause of action can arise in favor of the person asserting it. The usual test, however, as to whether a compromise and settlement is supported by a sufficient consideration is held to be not whether the matter in dispute was really doubtful, but whether or not the parties bona fide considered it so, and that the compromise of a disputed claim made bona fide is upon a sufficient consideration, without regard to whether the claim be in suit or not. The law favors the avoid-

ance or settlement of litigation, and compromise in good faith for such purposes will be sustained as based upon a sufficient consideration, without regard to the merits of the controversy or the character or validity of the claims of the parties, and even though a subsequent judicial decision may show the rights of the parties to have been different from what they at the time supposed. The real consideration which each party receives under such a compromise is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute.''

In 12 C. J. 324, the proposition is stated as follows:

''The settlement of a bona fide dispute or a doubtful claim, if made fairly and in good faith, is a sufficient consideration for a compromise based thereon. This rule is generally accepted, although there is some variance of authority as to what may constitute a bona fide dispute or doubtful claim. The real consideration which each party receives is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute. Under other authorities it is to be found in the mutual agreement of the parties to abide by the result of the settlement, or in the mutual release of their respective rights, or in the avoidance of the expense and annoyance of litigation, or in the alteration in the position of the parties.''

In the case of *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 26 L. R. A. 519, this court said:

''The moral obligation to pay for services rendered as a broker in selling real estate, under an oral contract where the statute requires such contract to be in writing, is just as binding as is the moral obligation to pay a debt that has become barred by the statute of limitations, and there is no reason for holding that the latter will support a new promise to pay while the former will not. There is no moral delinquency that attaches to an oral contract to sell real property as a broker. This service cannot be recovered for because the statute says the promise must be in writing; not because it is illegal in itself. It was not intended by the statute to

impute moral turpitude to such contracts. The statute was intended to prevent frauds and perjuries, and to accomplish that purpose, it is required that the evidence of the contract be in writing; but it is not conducive to either fraud or perjury to say that the services rendered under the void contract, or voluntarily, will support a subsequent written promise to pay for such service. Nor is it a valid objection to say there was no antecedent legal consideration. The validity of a promise to pay a debt barred by the statute of limitations is not founded on its antecedent legal obligation. There is no legal obligation to pay such a debt; if there were, there would be no need for the new promise. The obligation is moral solely, and since there can be no difference in character between one moral obligation and another, there can be no reason for holding that one moral obligation will support a promise while another will not.''

In the recent case of *Palmer v. Stanwood Land Company,* 158 Wash. 487, 291 Pac. 342, is found the following language, supported by several authorities:

''We have held that a properly evidenced contract promise, made after the rendering of such service, to pay compensation therefor, will be enforced, though the original employment contract with the agent or broker be void because not evidenced in writing; this upon the theory that such original unwritten contract and the performance thereof constitute a sufficient moral consideration to support a promise to pay for services rendered in pursuance thereof, made after the rendering of such services. *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519; *Henneberg v. Cook,* 103 Wash. 685, 175 Pac. 313; *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750; *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563; *Sams v. Olympia Holding Co.,* 153 Wash. 254, 279 Pac. 575.''

Here respondent alleged, not a subsequent executory contract, but a subsequent fully consummated agreement of settlement. It is evident that respondent's

answer, in pleading the agreement of settlement between the parties, stated a good defense to appellant's action, and that the trial court properly overruled appellant's motion for judgment on the pleadings.

Appellant, without raising any question as to the shifting, under the pleadings, of the burden of proof to respondent, proceeded with the introduction of evidence in support of the allegations of his complaint, and now contends that the court erred in making findings in respondent's favor, and in entering judgment dismissing the action. The evidence is in conflict, on many questions the parties often being in complete disagreement as to what passed between them. Under the authorities above referred to, we hold that respondent in his answer stated a good defense to the action, and we agree with the trial court in holding that a preponderance of the testimony supports respondent's contentions.

Appellant argues that from the evidence it appears that, in dealing with each other, appellant was acting as agent for the Bobby Anderson Group Mining Company, but on this point, as on the other questions of fact involved, we are unable to hold that the evidence preponderates against the findings of the trial court. In our opinion, the trial court correctly decided the questions of law and fact presented for determination, and the judgment appealed from is affirmed.

TOLMAN, C. J., MILLARD, BEELER, and HOLCOMB, JJ., concur.